314 So.2d 803 (1975)
Paul A. ANDERSON, Appellant,
v.
The STATE of Florida, Appellee.
Odis A. ELAM, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 74-1449, 74-1595.
District Court of Appeal of Florida, Third District.
June 10, 1975.
Rehearing Denied July 23, 1975.
*804 Phillip A. Hubbart, Public Defender, and Kurt Marmar, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is the consolidation of two appeals, one by Odis A. Elam and the other by Paul A. Anderson, defendants, from orders of the trial court withholding adjudication and placing Anderson on probation for five years and Elam on probation for three years following a jury verdict finding both defendants guilty of sale of marijuana, and from the denial of the defendants' motion for a new trial.
The record reflects that Elam and Anderson were on active duty in the United States Navy, stationed at Key West Naval Air Station. There was testimony that on February 28, 1974, Elaine Niehaus, an undercover agent, was driven by Elam to Anderson's house where she purchased a bag of marijuana for $20.00. Ms. Niehaus was named on a witness list mailed by the State to the defense on May 13, 1974, pursuant to a demand for discovery. Unable to serve Ms. Niehaus, who was the State's key witness, since she had moved from the address given by the State, on May 29, 1974, the defendants filed a request for a better address. Although the trial was scheduled for July 9, 1974, as of July 8, 1974, the State had not complied with such request, and thus, without a better address the defendants could not take her deposition. On that basis, defense counsel filed a motion to exclude her testimony pursuant to Rule 3.220, RCrP, which motion was denied on even date. On July 9, 1974, the case was called for trial, but the court granted the State a continuance until the following day since Elaine Niehaus had not yet arrived from Virginia. On the morning of July 10, 1974, the defendants filed a motion for a continuance because the Niehaus deposition had only been taken the evening before which did not allow them enough time to prepare for trial. At the same time, the defense filed a supplementary witness list, and renewed its motion to exclude the testimony of Ms. Niehaus. The defense motions to exclude and for continuance were both denied, the State was granted time to talk to the witnesses whose names had just been submitted, and the cause proceeded to trial that morning.
*805 Elaine Niehaus was called to testify on behalf of the State. During cross-examination, defense counsel attempted impeachment using counsel's own notes of Ms. Niehaus' answers given in the deposition which was taken the evening before and had not yet been transcribed. The court sustained the State's objections thereto. At the close of the State's case, the defendants moved for a judgment of acquittal which was denied, whereupon, defense counsel moved for a recess in order to secure the presence of certain rebuttal witnesses whose necessity became apparent from Ms. Niehaus' testimony. The State objected since such witnesses were not furnished on any witness list, and the court advised counsel to proceed with the defense without a recess.
On appeal, the defendants contend that by denying the motion for a continuance, the court effectively restricted the cross-examination of Elaine Niehaus. We agree.
Pursuant to Rule 3.220(a)(1)(i) RCrP, a defendant is entitled to discover the names and addresses of all persons known to the prosecution to have information which may be relevant to the offense charged, and to any defense with respect thereto. Once a defendant chooses to invoke the discovery method prescribed by such rule, it becomes mandatory that the prosecuting attorney comply therewith. Ramirez v. State, Fla.App. 1970, 241 So.2d 744, 746. The rule imposes a continuing duty to promptly disclose such information. Rule 3.220(f), RCrP. We acknowledge that the exclusion of the testimony of a witness is a harsh sanction and that the court has broad discretion in determining whether the testimony of a witness should be excluded due to non-compliance with the discovery rule. Richardson v. State, Fla. 1971, 246 So.2d 771. However, under the facts presented, we find that the court's failure to grant a continuance until the deposition could be transcribed and until defense counsel could at least locate and speak with persons previously unknown until mentioned in Ms. Niehaus' testimony, was highly prejudicial to the defense and that it constitutes reversible error since effective cross-examination of the State's key witness was precluded thereby.
In light of the foregoing, it is not necessary to discuss the other points raised by Anderson and Elam on appeal.
Accordingly, the jury's verdict of guilt and the court's orders withholding adjudication of guilt and placing both defendants on probation, as well as its order denying the motion for new trial, are reversed and the cause hereby is remanded for a new trial.
Reversed and remanded with directions.