# STATE OF FLORIDA v FEDERICI

## Case No. 86-326 AC (County Court Case No. 87847,8NR)

Eleventh Judicial Circuit, Appellate Division, Dade County

August 6, 1987

### APPEARANCES OF COUNSEL

**Mark J. Berkowitz** for appellant.

**Michael H. Bloom** for appellee.

Before TENDRICH, SHAPIRO, KORNBLUM, JJ.

### OPINION OF THE COURT

PER CURIAM.

Appellant State of Florida appeals from an order granting Appellee's motion to exclude the testimony of a State witness.

Defendant/Appellee Federici was arrested and charged with DUI, and after pleading not guilty, she demanded trial by jury.

The appellee subpoenaed one of the State's witnesses, a toxicologist, and attempted to take his deposition on three occasions. Though there is some dispute as to his attendance on one occasion, his deposition was never taken. The trial court granted two continuances to the State due to the witness' failure to appear. After his last failure to appeal the appellee filed her motion to exclude the testimony of the witness. Even with ten days left to bring the case to trial under the Speedy Trial Rule, the Court granted the motion. The State could not proceed without the testimony of the witness and this appeal followed.

The issue before us is whether the trial court erred in granting Appellee's motion to exclude trial testimony of the State's witness. It is well settled that it is not the responsibility of the State to produce witnesses for discovery purposes. *Austin v. State*, 461 So.2d 1380 (Fla. 1st DCA 1984). Subpoenas were properly issued and served on the witness and though the toxicologist may be held in contempt for failure to comply with an order of the court, the State cannot be prejudiced by the exclusion of his testimony.

The sanction imposed in this instance is too harsh. It is within the trial court's discretion to exclude witnesses, but this is a severe sanction applicable in extreme cases. *O'Brien v. State*, 454 So.2d 675 (Fla. 5th DCA 1984), *Anderson v. State*, 314 So.2d 803 (Fla. 3d DCA 1975). The circumstances in this case allow for alternative remedies available to the trial court such as granting a third continuance compelling the appearance of the witness and bringing the case to trial prior to the expiration of time under the Speedy Trial Rule.

Therefore, the order granting to motion to exclude trial testimony of a State's witness is vacated and the case remanded to the trial court for trial in accord with the provisions of 3.190, Fla.R.Cr.P.