578 So.2d 366 (1991)
Robert SMITH and Michael Patterson, Appellants,
v.
STATE of Florida, Appellee.
Nos. 90-929, 90-1397.
District Court of Appeal of Florida, Third District.
April 9, 1991.
Rehearing Denied May 9, 1991.
Don S. Cohn, Weiner, Robbins, Tunkey & Ross and Benjamin S. Waxman, for appellants.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
This is an appeal by the defendants Robert Smith and Michael Patterson from judgments of conviction for (1) trafficking in cocaine, and (2) conspiracy to traffic in cocaine, based on an adverse jury verdict. We reverse and remand for a new trial.
First, we conclude that the trial court erred in denying the defendants' motion for a continuance when the state announced, after the jury had been selected and sworn, that a codefendant, Bobby Monroe, had entered into a plea bargain with the state and would be testifying as a state witness. Although the defendants were allowed to depose Monroe the next day after opening statements had been made and several state witnesses had testified, the deposition could not be completed and the incomplete deposition could not be transcribed before the state called Monroe as a *367 witness. In our view, the defendants were severely prejudiced because (1) they had insufficient time to depose or investigate Monroe and did not have the benefit of a written deposition with which to cross-examine him, an absolute essential in order to impeach the witness by his prior testimony; and (2) Monroe gave devastating, non-cumulative testimony in this case concerning an agreement made among the defendants in North Carolina to come to Miami and purchase a quantity of cocaine, testimony which could not have failed to have had a decisive impact on the jury. At the very least, the trial court should have allowed the defendants a brief recess of a few days to allow them to conduct a complete deposition of Monroe and have the transcript of same prepared for their study before pressing forward with opening statements and testimony in the case; indeed, the state below commendably requested the trial court to do substantially just that "to protect the record," (T. 32), but the trial court declined. Given these circumstances, the convictions herein must be reversed and the cause remanded for a new trial. See, e.g., Smith v. State, 525 So.2d 477 (Fla. 1st DCA 1988); Brown v. State, 426 So.2d 76 (Fla. 1st DCA 1983), disapproved on other grounds, Bundy v. State, 471 So.2d 9 (Fla. 1985); Anderson v. State, 314 So.2d 803 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 21 (Fla. 1976).
Second, we conclude that the trial court erred in denying the defendants' motion for judgment of acquittal on the drug trafficking charge in that said charge should have been reduced to attempted drug trafficking. This is so because the evidence adduced below established that, in this "reverse-sting" operation, the defendants had not yet assumed legal possession of the illicit drugs which the undercover police officers were in the process of selling to them before the arrests were effected. At the time of such arrests, the defendant Patterson was inspecting the cocaine for testing purposes and no money had actually changed hands; temporary, preliminary inspection does not, as urged, constitute legal possession of such drugs for purposes of convicting the defendants of drug trafficking. Accordingly, the trial court should have reduced the subject charge to attempted drug trafficking. Garces v. State, 485 So.2d 847 (Fla. 3d DCA 1986); see Roberts v. State, 505 So.2d 547 (Fla. 3d DCA 1987); see also Campbell v. State, 577 So.2d 932 (Fla. 1991).
The final judgments of conviction under review are reversed and the cause is remanded to the trial court for a new trial on charges of (1) attempted drug trafficking, and (2) conspiracy to traffic in drugs.
Reversed and remanded.