595 So.2d 994 (1992)
Rodney COOK, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1958.
District Court of Appeal of Florida, Third District.
March 3, 1992.
Bennett H. Brummer, Public Defender, and J. Rafael Rodriguez, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
PER CURIAM.
Rodney Cook, the defendant/appellant in this case, along with two co-defendants (Dearmas and Tapia), were indicted on one count of first degree murder in a shooting death. At the joint trial of Tapia and Cook, both were found guilty of first degree murder. The trial court sentenced Cook to life imprisonment with a 25-year minimum term, and he appeals. For the reasons expressed below, we reverse the defendant's *995 conviction and sentence, and remand for a new trial.
We find first, that the trial court erred in denying the defendant's pretrial Motion to Suppress and Motion for Severance. Prior to trial, the defendant had moved for severance and to suppress on the grounds that the defenses of the various defendants were antagonistic, seeking severance and/or redactions of the co-defendants' statements. Co-defendant Dearmas had stated that the gang which defendant Cook belonged to suspected a rival gang member of the attempted theft of the gang's cocaine. Dearmas stated that defendant Cook went to the scene of the crime with Dearmas and, at the direction of Dearmas, shot the victim. Co-defendant Tapia similarly stated that Cook had confided in him that Cook was the triggerman who had shot the victim. However, defendant Cook told a police detective that he had rejected Tapia's request to involve himself in the plot against the victim.
The trial court denied the pretrial motions. At the joint trial of Tapia and the defendant, Tapia's statements, implicating defendant Cook in the shooting, were introduced. Defendant Cook did not testify.
The admission into evidence of the incriminating statements made by the nontestifying co-defendant Tapia denied the defendant his rights under the confrontation clause of the sixth amendment. See Cruz v. New York, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987); Bruton v. U.S., 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). As stated by the United States Supreme Court in Cruz v. New York, 481 U.S. at 193, 107 S.Ct. at 1719, 95 L.Ed.2d at 162:
[W]here a nontestifying co-defendant's confession incriminating the defendant is not directly admissible against the defendant ... the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him.
The admission of Tapia's statements, which incriminated defendant Cook and directly conflicted with the defendant's statement, resulted in irreconcilable prejudice to the defendant and should have been deemed inadmissible at the joint trial. Roundtree v. State, 546 So.2d 1042 (Fla. 1989). Here Tapia's statement was introduced without any redaction, cf. Bryant v. State, 565 So.2d 1298 (Fla. 1990) (even admission of redacted nontestifying co-defendant statement constituted Bruton violation), there was no curative or limiting instruction provided, cf. Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989) (admission of nontestifying co-defendant statement with limiting instruction constituted harmless error), and the defendant had not made a confession to the police, cf. Cruz v. New York, 481 U.S. at 186, 107 S.Ct. at 1714, 95 L.Ed.2d at 162 (admission of nontestifying co-defendant statement inadmissible even where defendant's own confession admitted at trial); Roundtree v. State, 546 So.2d at 1042 (Fla. 1989) (same). Moreover, under these circumstances, it was error to deny the motion to sever. As stated in McCray v. State, 416 So.2d 804, 806 (Fla. 1982), a motion to sever should be granted:
when the jury could be confused or improperly influenced by evidence which applies to only one of several defendants. A type of evidence that can cause confusion is the confession of a defendant which, by implication, affects a co-defendant, but which the jury is supposed to consider only as to the confessing defendant and not as to the others. A severance is always required in this circumstance. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).
Tapia's statements obviously had a profound effect on the jury and, thus, defendant Cook was substantially prejudiced by the denial of the motion for severance and subsequent introduction of those statements.
The trial court also erred in requiring the defendant to proceed to trial without having had the opportunity to take co-defendant Dearmas's deposition. Embodied *996 in the notion of the right to a fair trial is the fundamental concept that defense counsel must be afforded an adequate opportunity to investigate and prepare any applicable defenses. Brown v. State, 426 So.2d 76, 80 (Fla. 1st DCA 1983). A trial court's restriction on defense counsel's ability to prepare for an applicable defense constitutes an abuse of discretion requiring reversal of a defendant's conviction. See Smith v. State, 578 So.2d 366 (Fla. 3d DCA 1991); Smith v. State, 525 So.2d 477 (Fla. 1st DCA 1988); Brown v. State, 426 So.2d 76; Anderson v. State, 314 So.2d 803 (3d DCA 1975), cert. denied, 330 So.2d 21 (Fla. 1976). In Smith v. State, 578 So.2d at 36, this court reversed the defendants' convictions because the defense attorneys were not allowed to depose a co-defendant until after the opening statements and the testimony of several prosecution witnesses. The Court found that the defendants had been severely prejudiced because:
(1) they had insufficient time to depose or investigate [the co-defendant] and did not have the benefit of a written deposition with which to cross-examine him, an absolute essential in order to impeach the witness by his prior testimony; and (2) [the co-defendant] gave devastating, noncumulative testimony in this case ..., testimony which could not have failed to have had a decisive impact on the jury. At the very least, the trial court should have allowed the defendants a brief recess of a few days to allow them to conduct a complete deposition of [the co-defendant] and have the transcript of same prepared for their study before pressing forward with opening statements and testimony in the case... .
Smith v. State, 578 So.2d at 367. In the present case, Dearmas' statements implicated defendant Cook as the triggerman who shot the victim, and could not have failed to have had a decisive impact upon the jury. This being so, the denial of the defendant's right to depose or investigate Dearmas obviously prejudiced the defendant in his ability to adequately prepare for his defense, further requiring that the conviction be reversed, and the cause remanded for a new trial. See Smith v. State, 578 So.2d at 366; Smith v. State, 525 So.2d at 477; Brown v. State, 426 So.2d at 76; Anderson v. State, 314 So.2d at 803.
In view of the foregoing, appellant's remaining points are moot and need not be addressed. Accordingly, we find that the defendant was deprived of the right to a fair trial and, therefore, reverse the defendant's conviction and sentence, and remand for a new trial.
Reversed and remanded.