KLEIN, J.
Appellant was convicted of aggravated assault with an automobile. We reverse and remand for a new trial because the trial court abused its discretion in denying her motion for continuance.
The incident giving rise to the charges occurred in a mobile home park in which there had been prior confrontations between drivers and teenagers riding bicycles. The park had been constructed as an adult community with no sidewalks, and children rode their bicycles in the street. The problem had become significant enough to be the subject of a neighborhood meeting.
On the day in question, after a verbal confrontation between appellant and a boy named Jason and some of his friends, ap *361 pellant went to the park manager’s office to complain. After she left the office she drove' toward the boys and her vehicle apparently partially left the paved roadway and struck Jason’s bicycle, knocking him onto the grass and damaging the bicycle. As a result she was charged with aggravated assault with an automobile. Other than appellant and the boys, the only other witness to the incident was a neighbor, Mrs. Gomez, but neither appellant nor the state were able to locate her until just before the trial was scheduled to begin. The state had previously been granted a continuance for the purpose of finding her.
When appellant learned that the state had located Mrs. Gomez, she requested a continuance in order to depose her and obtain a transcript of the deposition. The trial court denied the continuance, allowed Gomez’s deposition to be taken by appellant on Monday morning, after the trial had started, and Gomez testified Monday afternoon. Gomez’s testimony was not entirely consistent, and as appellant was attempting to demonstrate these inconsistencies on cross-examination, the trial court instructed appellant that she could not question Gomez about what Gomez had said at the deposition, which had not yet been transcribed. Appellant then asked for a continuance until she could get the transcript in order to show the inconsistencies in Gomez’s testimony, but the trial court would not grant one.
In Anderson v. State, 314 So.2d 803 (Fla. 3d DCA 1975), a witness was deposed right before trial, and the defendant moved for a continuance because of insufficient time to prepare for the trial as a result of the deposition. The trial court denied the continuance, and defense counsel attempted to impeach the witness, whose deposition had not yet been transcribed, with counsel’s recollection of answers given in the deposition. The court sustained the state’s objections. The third district reversed the conviction, finding the trial court - abused its discretion in failing to grant the continuance until the deposition could be transcribed, and that it was highly prejudicial because the lack of the deposition precluded effective cross-examination of a key witness. See also Smith v. State, 578 So.2d 366 (Fla. 3d DCA 1991).
We conclude that the trial court in the present case abused its discretion in not granting a continuance so that the deposition of Mrs. Gomez, a key witness, could be transcribed. As in Anderson, the lack of a transcript precluded appellant from effectively cross-examining Mrs. Gomez.
The trial court made an additional error in refusing to allow defense counsel to refer to a diagram during closing argument. During cross-examination, Jason drew a diagram of the roads in the mobile home park and marked on the diagram a number of locations which were addressed in the testimony of the witnesses. . The trial court, on its own, decided that' the diagram should be identified as a defense exhibit. After the state closed its case, the court asked if the defense was going to offer any evidence, and when the defense indicated that it did not intend to, the court stated:
THE COURT: Thé drawings that were made were defense exhibits and if they’re not going to be offered in evidence by either party, then you’re not to make reference to them during ydur argument.
Appellant did not want to put the diagram in evidence as a defendant’s exhibit because this would have required her to give up her entitlement to concluding argument. Fla.R.Crim.P. 3.250. Although we would not have found this, in and of itself, so harmful as to require a new trial, we conclude that it was error. As Eh-rhardt, Florida Evidence § 401.1 (1999 Ed.) explains:
Demonstrative aids and exhibits may be used during trial as an aid to the jury understanding a material fact or issue. The demonstrative evidence must be an accurate and reasonable reproduction of *362 the object involved. The evidence is subject to a section 90.403 balancing. Usually demonstrative evidence is not admitted as an exhibit and taken to the jury room, (footnotes omitted).
We reverse and remand for a new trial.
GUNTHER and FARMER, JJ., concur.