EMAS, J.
 

 Defendant Alfonso Medrano appeals his conviction and sentence for trafficking in 3-, 4-methylenedioxymethampetamine (“MDMA” or “ecstasy”). We reverse and remand for a new trial, holding that the trial court abused its discretion in denying Medrano a continuance to permit him to take the deposition of the co-defendant, who pled guilty immediately prior to the commencement of the trial and testified against Medrano at trial.
 
 [1]
 

 The relevant facts are not in dispute:
 

 Medrano and a co-defendant were charged with one count of trafficking in 400 grams or more of MDMA. Immediately before jury selection began, the co-defendant entered a negotiated plea of guilty to the trafficking charge. As a condition of the plea, the co-defendant agreed to cooperate with the State and to testify as a State witness in Medrano’s trial, which began immediately on the heels of the co-defendant’s plea.
 
 [2]
 

 Defense counsel requested a two-week continuance to permit the taking of the co-defendant’s deposition and to undertake additional trial preparation, including consideration of a different defense strategy in light of the fact that the co-defendant had pled guilty and had become a State witness. The trial court denied this motion and the case proceeded to trial.
 

 At trial, the State called the co-defendant as a witness, who testified as follows:
 

 —The co-defendant was contacted by someone who knew both him (the co-defendant) and the informant.
 

 —This mutual acquaintance advised the co-defendant that the informant
 
 *865
 
 wanted to purchase a large quantity of ecstasy pills.
 

 —On January 15, Medrano drove the co-defendant to a parking lot in a car rented by Medrano.
 

 —The purpose was to meet with the informant to discuss the amount of ecstasy pills the informant wanted to purchase.
 

 —The following day, Medrano and co-defendant met again with the informant to provide sample pills to the informant.
 

 —Medrano knew that he and the co-defendant were meeting with the informant for the purpose of selling ecstasy pills, and the pills were kept in the glove box of the car rented and driven by Me-drano.
 

 —The co-defendant obtained the pills from a supplier he knew, and Medrano provided the money for the purchase of the pills from the supplier.
 

 —The co-defendant and Medrano agreed they would split the profits from the sale of the pills.
 

 The jury found Medrano guilty of trafficking in 400 grams or more of MDMA, and the trial court imposed a fifteen-year mandatory-minimum sentence.
 

 In
 
 Smith v. State,
 
 578 So.2d 366 (Fla. 3d DCA 1991), three defendants commenced trial on the charge of trafficking in cocaine. After the jury was selected, one of the defendants entered a negotiated plea and agreed to testify at trial against the two remaining defendants. The remaining defendants requested a continuance so they could depose this “new” State witness. The trial court denied the requested continuance, but permitted the defendants to depose the co-defendant after opening statements were given. The deposition was taken, but the defendants were unable to have the deposition transcribed in time for the cross-examination of the testifying co-defendant. The defendants were convicted, and this Court reversed, holding that the trial court abused its discretion in denying the motion for continuance:
 

 [W]e conclude that the trial court erred in denying the defendants’ motion for a continuance when the state announced, after the jury had been selected and sworn, that a codefendant, Bobby Monroe, had entered into a plea bargain with the state and would be testifying as a state witness. Although the defendants were allowed to depose Monroe the next day after opening statements had been made and several state witnesses had testified, the deposition could not be completed and the incomplete deposition could not be transcribed before the state called Monroe as a witness. In our view, the defendants were severely prejudiced because (1) they had insufficient time to depose or investigate Monroe and did not have the benefit of a written deposition with which to cross-examine him, an absolute essential in order to impeach the witness by his prior testimony; and (2) Monroe gave devastating, non-cumulative testimony in this case concerning an agreement made among the defendants in North Carolina to come to Miami and purchase a quantity of cocaine, testimony which could not have failed to have had a decisive impact on the jury. At the very least, the trial court should have allowed the defendants a brief recess of a few days to allow them to conduct a complete deposition of Monroe and have the transcript of same prepared for their study
 
 before
 
 pressing forward with opening statements and testimony in the case.... Given these circumstances, the convic
 
 *866
 
 tions herein must be reversed and the cause remanded for a new trial.
 

 Id.
 
 at 366-67 (internal citations omitted).
 

 Here, as in
 
 Smith,
 
 the co-defendant’s plea occurred on the day trial began. Here, as in
 
 Smith,
 
 the co-defendant provided significant, non-eumulative testimony and direct evidence of Medrano’s knowledge and intent. Moreover, and in contrast to
 
 Smith,
 
 the trial court in the instant case did not even permit the defense to depose the co-defendant. The defense was left to commence the trial without the opportunity to determine what the co-defendant would testify to before he took the stand, and had no genuine ability to prepare for his testimony or be in a position to impeach him effectively.
 

 The trial court’s refusal to grant a continuance to allow Medrano to depose the co-defendant and engage in further pretrial preparation in light of this change in circumstance was an abuse of discretion, resulting in substantive and procedural prejudice to Medrano. When Medrano and his counsel appeared in court for the commencement of the trial, they prepared for a trial in which Medrano and the co-defendant would be tried together. The posture of the case was altered significantly, however, when the co-defendant entered a guilty plea and, in exchange for a five-year prison sentence, agreed to testify against Medrano. This affected trial preparation, trial strategy, and the relative strength of the case, from the perspective of both the State and the Defendant. The State now had a new witness who could provide direct evidence of Medrano’s knowledge and intent; Medrano, without any advance notice or time to investigate or prepare, had to confront and overcome the significant and damaging testimony of his co-defendant. As we previously have held:
 

 Embodied in the notion of the right to a fair trial is the fundamental concept that defense counsel must be afforded an adequate opportunity to investigate and prepare any applicable defenses. A trial court’s restriction on defense counsel’s ability to prepare for an applicable defense constitutes an abuse of discretion requiring reversal of a defendant’s conviction.
 

 Cook v. State,
 
 595 So.2d 994, 995-96 (Fla. 3d DCA 1992).
 

 In
 
 Bell v. State,
 
 930 So.2d 779 (Fla. 4th DCA 2006), the State was permitted to call a former co-defendant to testify at Bell’s trial, to the surprise and over the objection of the defendant.
 
 [3]
 
 Defense counsel sought first to exclude the co-defendant’s testimony and, when that motion was denied, sought a one-week continuance of the trial to permit the defense to depose the former co-defendant and to prepare a new defense strategy. The trial court denied the motion for continuance and the defendant was convicted. The Fourth District reversed:
 

 Even if the court might properly have allowed the co-defendant to testify at trial, it was also manifest error to do so without allowing defense counsel a reasonable continuance of the trial.... As defense counsel pointed out when the
 
 *867
 
 issue arose, if this witness were now suddenly to testify he would need considerable time to prepare for a deposition of this witness. And he would need additional time to prepare a new strategy, for the dynamic of the trial was radically altered by her appearance and testimony. It is fundamental that defendants be allowed an adequate opportunity to investigate witnesses and prepare applicable defense strategies. When the State is allowed to produce witnesses at trial who constitute a considerable surprise to defendant, the defense should be afforded a reasonable continuance to take discovery depositions of such witnesses.
 

 Id.
 
 at 787 (internal citations omitted).
 

 The trial court abused its discretion in denying Medrano’s motion for continuance to permit him to take the deposition of the co-defendant and to undertake further investigation and preparation in light of this new State witness. We therefore reverse the conviction and sentence and remand this cause for a new trial.
 

 [1]
 

 . Because we reverse for a new trial on this ground, we do not address the other issues raised on appeal. Appellant has urged us to reach and resolve the trial court’s denial of a mid-trial motion to dismiss based upon a claim of objective entrapment. We decline to do so, given the absence of a sufficient trial record. The court reporter was unable to provide any transcript of the trial due to a computer failure which corrupted the court reporter’s files and rendered the data unreadable and unrecoverable. The parties did submit a reconstructed record, prepared and stipulated to by the parties, and approved by the trial court. While this reconstructed record is sufficient for us to decide the merits of the trial court's denial of the motion for continuance, it is simply insufficient for us to address the issue of objective entrapment. We take this opportunity to commend counsel for their diligent efforts in reconstructing the record pursuant to Florida Rule of Criminal Procedure 9.200(b)(4).
 

 [2]
 

 . The co-defendant faced a maximum sentence of thirty years in prison, including a fifteen-year mandatory minimum.
 
 See
 
 § 893.135(1 )(k)2.c, Fla. Stat. (2008). In exchange for his guilty plea and his agreement to testify against Medrano, the State waived the minimum mandatory and the co-defendant was sentenced to a term of five years in prison.
 

 [3]
 

 . In
 
 Bell,
 
 the co-defendant, well prior to trial, had entered a negotiated plea that included a requirement that she testify on behalf of the State at the defendant’s trial. The defense attempted on numerous occasions to depose the co-defendant; however, on each occasion the co-defendant refused to be deposed (and announced her refusal to testify at trial), even after the trial court held her in contempt and advised the co-defendant that her refusal to be deposed or to testify at trial was a breach of her plea agreement, which could result in a more severe sentence. After the jury had been selected and opening statements were given, the co-defendant agreed to testify as a State witness and the trial court permitted her to do so without giving the defense an opportunity to depose her.
 
 Id.
 
 at 782.