466 So.2d 1188 (1985)
Michael CARSON and Linda Carson, Petitioners,
v.
Wayne JACKSON and Kathy Jackson, Husband and Wife, Individually, and As Next Friends of Michael Jackson, a Minor Child, Respondents.
No. 84-2301.
District Court of Appeal of Florida, Fourth District.
April 3, 1985.
*1189 Richard G. Rosenblum of Walton Lantaff Schroeder & Carson, Fort Lauderdale, for petitioners.
Robert T. Goodman of Angelo Marino, Jr., P.A., Fort Lauderdale, for respondents.
BARKETT, Judge.
Petitioners request a writ of common law certiorari to review an order denying petitioners' motion for a protective order.
The petitioners, Michael and Linda Carson, are the defendants in a civil action filed by respondents alleging negligence and child abuse toward respondents' son, Michael. A criminal proceeding against Linda Carson for the alleged abuse of Michael is also pending. In a prior criminal action totally unrelated to the present case, Linda Carson was charged with child abuse and pled nolo contendere to a charge of battery. Pursuant to a negotiated plea agreement, she was placed on probation *1190 and one of the conditions thereof was "[n]ot to engage in the profession of babysitting until examined and found fit by a psychologist." Both Linda and her husband Michael saw psychologist Dr. Fay B. Mitchell pursuant to this agreed-upon condition of probation.
Subsequently, in the present civil action between the parties hereto, respondents served Dr. Mitchell with a subpoena which stated "IN LIEU OF ATTENDING DEPOSITION YOU MAY MAIL RECORDS REQUESTED TO THE ATTORNEY LISTED BELOW." Petitioners filed a motion for a protective order which was denied. Petitioners seek review by way of certiorari of the order denying their motion.
Interlocutory orders regarding discovery may be reviewed by common law certiorari if the petitioner can show the order was rendered by the court in excess of its jurisdiction, or that the order does not conform to the essential requirements of the law and may cause material injury through subsequent proceedings for which remedy by appeal would be inadequate. West Volusia Hospital Authority v. Williams, 308 So.2d 634, 636 (Fla. 1st DCA 1975). See also Greyhound Lines, Inc. v. Jackson, 445 So.2d 1107 (Fla. 4th DCA 1984).
Petitioners first contend that the trial court erred because the information sought in the subpoena is privileged under section 90.503, Florida Statutes (1983).
Section 90.503 provides in part:
(2) A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of his mental or emotional condition, including alcoholism and other drug addiction, between himself and his psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.
Respondents argue that the psychotherapist privilege under section 90.503(2) claimed by petitioners is eliminated by section 90.503(4)(b) which provides:
(4) There is no privilege under this section:
... .
(b) For communications made in the course of a court-ordered examination of the mental or emotional condition of the patient.
We do not believe that the petitioners' visit to a psychologist under a plea agreement relating only to the continuation of doing business constitutes a "court-ordered examination" under this section.
More significantly, however, respondents further point out that any privileged communication is specifically abrogated by section 415.512, Florida Statutes (1983) (formerly section 827.07(8)), which provides:
415.512. Abrogation of privileged communications in cases involving child abuse or neglect.
The privileged quality of communication between husband and wife and between any professional person and his patient or client, and any other privileged communication except that between attorney and client, as such communication relates both to the competency of the witness and to the exclusion of confidential communications, shall not apply to any situation involving known or suspected child abuse or neglect and shall not constitute grounds for failure to report as required by s. 415.504, failure to cooperate with the department in its activities pursuant to ss. 415.502-415.514, or failure to give evidence in any judicial proceeding relating to child abuse or neglect. (Emphasis supplied.)
The facts reflect that the case below is a "judicial proceeding" and the claim, albeit for civil damages, relates to "child abuse or neglect."
In E.H. v. State, Department of Health and Rehabilitative Services, 443 So.2d 1083 (Fla. 3d DCA 1984), the trial court had adjudicated a child a dependent and awarded custody to the Department of Health *1191 and Rehabilitative Services. The mother appealed, arguing in part that certain testimony given at the hearing by the psychiatrist regarding his examination of her was inadmissible under the psychotherapist privilege. Rejecting this argument, the third district said:
Plainly, the testimony was not excludable as falling within the psychotherapist-patient privilege [§ 90.503, Fla. Stat. (1981)] because such privilege is by statute specifically abrogated in cases, as here, "involving known or suspected child abuse or neglect." § 827.07(8), Fla. Stat. (1981). Contrary to the natural mother's contention, we think this statute by its express language applies to Chapter 39 child neglect proceedings, as the statute is made applicable to "any judicial proceeding relating to child abuse or neglect." § 827.07(8), Fla. Stat. (1981). Beyond that, we are unable to say, as urged, that the psychiatric examination conducted herein violated the natural mother's self-incrimination rights under Fla.R.Juv.P. 8.190(f), 8.220(c). These rules apply only to testimony given by a parent or guardian at certain court hearings, not to answers given by a parent or guardian during a psychiatric examination.
Id. at 1084.
Petitioners urge that we construe section 415.512 to apply only to activities conducted by the State Department of Health and Rehabilitative Services. We cannot agree that the broad language used in the statute by the legislature warrants such narrow construction. Obviously, the psychotherapist privilege provided by section 90.503(2) is intended to encourage people who need treatment for mental disorders (including child abusers) to obtain it by insuring the confidentiality of communication during treatment. We must assume, however, that the legislature, in passing section 415.512, weighed the desirability of encouraging treatment for child abusers against the desirability of discovering them and decided that the latter was more important than the former. The intent of section 415.512 is to discourage child abuse. That discouragement, in view of the statutory language, can occur by way of a civil lawsuit for damages as well as by way of a criminal prosecution.
Petitioners next argue that the discovery requested constitutes an infringement on Linda Carson's right against self-incrimination under the United States Constitution. Petitioners claim that she was ordered to see Dr. Mitchell by the court, and therefore her statements to Dr. Mitchell constitute compelled testimony which could incriminate her. The fifth amendment privilege against compulsory self-incrimination can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; it protects against any disclosures which the witness reasonably believes might incriminate him in future proceedings. Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973); Kastigar v. United States, 406 U.S. 441, 444-45, 92 S.Ct. 1653, 1656-57, 32 L.Ed.2d 212 (1972). The fifth amendment protects against compelled self-incrimination, however, not the disclosure of private information. Fisher v. United States, 425 U.S. 391, 401, 96 S.Ct. 1569, 1576, 48 L.Ed.2d 39 (1976). Thus, the initial inquiry is whether the statements to the psychologist were compelled. If a witness desires the protection of the privilege, he must claim it or he will not be considered to have been "compelled" within the meaning of the amendment. Minnesota v. Murphy, 465 U.S. ___, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984); United States v. Monia, 317 U.S. 424, 427, 63 S.Ct. 409, 410-411, 87 L.Ed. 376 (1943).
In Minnesota v. Murphy, a case analogous to the one before us, the United States Supreme Court decided the issue of whether a statement made by a probationer to his probation officer admitting to certain crimes was admissible in a subsequent criminal proceeding. The terms of defendant Murphy's probation required, among other things, that he participate in a treatment program for sexual offenders, report to his probation officer as directed, and be truthful with the probation officer in all matters. During the course of treatment *1192 in the sexual offender program, Murphy told his counselor that he had committed a rape and murder prior to the conviction for which he was placed on probation. The counselor told the probation officer who then asked Murphy about the admissions. Murphy admitted the crimes to the probation officer who reported the conversation to the authorities. Charges were brought and Murphy sought to suppress the confessions on the basis that the statements to the counselor and probation officer were compelled and therefore obtained in violation of his fifth amendment rights.
The Court first noted that the general obligation to appear before the probation officer and answer questions truthfully did not in itself convert Murphy's otherwise voluntary statements into compelled ones. It then reiterated the principle that "in the ordinary case, if a witness under compulsion to testify makes disclosures instead of claiming the privilege, the government has not `compelled' him to incriminate himself." (Emphasis supplied.) 104 S.Ct. at 1142.
The court next considered whether Murphy's failure to assert the privilege could be excused because revocation of his probation was threatened if he was untruthful with his probation officer. Murphy argued that this fear compelled disclosure and excused his failure to claim the privilege. The Court rejected this argument saying:
If Murphy did harbor a belief that his probation might be revoked for exercising the Fifth Amendment privilege, that belief would not have been reasonable. Our decisions have made clear that the State could not constitutionally carry out a threat to revoke probation for the legitimate exercise of the Fifth Amendment privilege.
Id. at 1148. The Court ultimately held that because Murphy had not been compelled to incriminate himself, he could not successfully invoke the privilege to prevent the information from being used against him.
As in Minnesota v. Murphy, petitioner Linda Carson failed to assert any fifth amendment privilege at the time of disclosure. On the contrary, Carson had agreed, pursuant to a negotiated plea, that she would be found fit by a psychologist before resuming her babysitting service. Rather than believing that the session with the psychologist was to be private, confidential, and for therapeutic purposes, petitioner had every reason to know and understand that the result of her visit would be conveyed to others. That, indeed, was its purpose from the outset. Under these specific circumstances, whatever petitioner may have said to Dr. Mitchell pursuant to this agreed-upon condition of probation would not constitute "compelled self-incrimination." Thus, her fifth amendment rights will not be violated by permitting the respondents' request for discovery from Dr. Mitchell.
Lastly, we must note that this decision does not rule on whether the psychologist's testimony is relevant or material or otherwise inadmissible or admissible in the trial of this case. We further note that the psychotherapist-patient privilege provided by section 90.503 continues in effect for any communication not dealing with child abuse or neglect.
There has been no departure from the essential requirements of law; therefore, petitioners' request for writ of common law certiorari is denied.
HURLEY and DELL, JJ., concur.