584 So.2d 1061 (1991)
Victor M. SAENZ, Petitioner,
v.
Michelle George ALEXANDER, Respondent.
No. 91-133.
District Court of Appeal of Florida, First District.
July 31, 1991.
*1062 Roy Lewis, Lewis & Price, Jacksonville, for petitioner.
Jay C. Howell, Anderson & Howell, Jacksonville, for respondent.
BARFIELD, Judge.
Victor Saenz has filed a petition for writ of certiorari challenging a non-final order allowing respondent, his alleged rape victim, to depose the mental health care professionals who evaluated and treated him, and to subpoena his mental health records incident to his treatment. Finding that under the particular circumstances of this case, the order does not depart from the essential requirements of the law, we deny the petition.
Saenz, a physician, was charged with the sexual battery of respondent, a data entry clerk at the hospital where they were both employed. He signed a "Deferred Prosecution Agreement" providing for 24 months probation supervised by the Department of Corrections (DOC) and including the following provisions:
10) By signing this agreement, you shall authorize the delivery of any reports, X-rays, photographs or documents concerning your medical or psychological status to the Probation Officer.
11) I agree to have an evaluation done by a qualified psychologist, psychiatrist, or counselor, to determine whether or not I am an appropriate candidate for a Deferred Prosecution Agreement with the State. I understand that the person doing the evaluation will be chosen by the State.
.....
15) You will attend an orientation session and any other self-improvement session or drug testing as instructed by your Probation Officer.
16) OTHER CONDITIONS: YOU WILL OBTAIN AN EVALUATION AND SUCCESSFULLY COMPLETE COUNSELING WITH DR. GEORGE DEITCHMAN, 9471 BAYMEADOWS ROAD # 303; JACKSONVILLE, FLORIDA; PHONE 730-7575.
.....
By signing this deferred prosecution, the undersigned defendant VICTOR M. SAENZ withdraws and/or waives right to speedy trial under the Constitutional Laws of Florida and the United States of America in the cause for which prosecution is being deferred.
Respondent sued Saenz, the hospital, and the hospital's security service for damages arising out of the rape incident. The trial court ordered DOC to produce to respondent's counsel Saenz's probation file, which was done. Thereafter, the court granted respondent's motion for "Court Approval to Depose Therapists and to Subpoena Medical Records," finding that the information sought was relevant to the suit and that Saenz had waived any privilege against disclosure of communications with his psychotherapists in regard to the sexual battery "because he made the communication when he did not have a reasonable expectation of privacy and because he consented to the disclosure of a significant part of the communication."
Section 90.503(2), Florida Statutes, gives a patient
the privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of his mental or emotional condition, including alcoholism and other drug addiction, between himself and his psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist.
*1063 Section 90.503(1)(c) defines a "confidential" communication as one not intended to be disclosed to third persons other than:
1. Those persons present to further the interest of the patient in the consultation, examination, or interview.
2. Those persons necessary for the transmission of the communication.
3. Those persons who are participating in the diagnosis and treatment under the direction of the psychotherapist.
Section 90.503(4)(c) provides that there is no privilege for
communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense ...
Section 90.507 provides that a person waives the privilege against disclosure of a confidential communication if he
voluntarily discloses or makes the communication when he does not have a reasonable expectation of privacy, or consents to disclosure of, any significant part of the matter or communication.
By signing the deferred prosecution agreement, Saenz indicated that he intended his subsequent communications with the psychotherapists to be communicated to a third person other than those set out in section 90.503(1)(c), i.e., his probation officer. These communications therefore did not constitute "confidential communications" to which the privilege would apply.
Unlike Davis v. Wainwright,[1] upon which Saenz relies, petitioner was not compelled to relinquish one constitutional right for another. Like the petitioner in Carson v. Jackson,[2] petitioner voluntarily chose to avail himself of a benefit offered him (Carson avoided incarceration, petitioner avoided prosecution), which was conditioned upon the diagnosis and treatment of his mental state, and communicated with psychotherapists with the knowledge that his communications would be conveyed to others.[3]
In Florida Board of Bar Examiners Re: Applicant, 443 So.2d 71 (Fla. 1983), the supreme court noted that there is no constitutional right to admission to the bar, and ruled that the requirement that an applicant *1064 disclose any history of psychological and medical treatment and authorize release of all relevant records did not violate his federal or state constitutional rights. It further ruled that the Board of Bar Examiners' refusal to process the application due to the applicant's failure to comply with these requirements did not violate the statutory psychotherapist-patient privilege because by filing the application, the applicant had himself placed his mental and emotional fitness in issue, citing section 90.503(4)(c).
We find that Saenz voluntarily waived his psychotherapist-patient privilege, by signing the agreement placing his mental condition at issue and consenting to disclosure of his communications to the probation officer, and by subsequently communicating with the psychotherapists with the knowledge that those communications would be disclosed to a third person other than those listed in section 90.503(1)(c). The petition for writ of certiorari is DENIED.
ZEHMER and WOLF, JJ., concur.
NOTES
[1] In Davis v. Wainwright, 342 F. Supp. 39, 42 (M.D.Fla. 1971), affirmed, 469 F.2d 1405 (5th Cir.1972), the court held that an attorney charged with grand larceny of an estate did not voluntarily waive his constitutional right against self-incrimination, when the statements were made over his protest in an indigency proceeding to secure the taxation of costs against the county. The court held that a waiver is considered compelled and ineffective if "the person was forced to choose between waiving his privilege or foregoing another substantial benefit, such as his job, property or other guaranteed right." The court noted: "The right of an indigent to representation not dependent upon the depth of his pocketbook is also a well established doctrine under federal constitutional law." Id. at 43.
[2] In Carson v. Jackson, 466 So.2d 1188 (Fla. 4th DCA 1985), parents sued Carson, a babysitter, for negligence and child abuse while a criminal proceeding was pending for the child abuse. Carson had previously been charged with an unrelated child abuse and had pled nolo contendere to battery. Pursuant to the negotiated plea agreement, she was placed on probation with the condition that she not babysit until found fit by a psychologist, and saw a psychologist. The parents subpoenaed the psychologist and sought her records. The trial court denied Carson's motion for a protective order. The appellate court denied her petition for writ of certiorari, finding that while the section 90.503(4)(b) exception to the privilege for "court-ordered examinations" did not apply, the privilege was specifically abrogated by section 415.512 with respect to evidence in "any judicial proceeding relating to child abuse or neglect." Carson's fifth amendment challenge was also rejected, the court noting that when Carson saw the psychologist, she "had every reason to know and understand that the result of her visit would be conveyed to others." Id. at 1192. The court noted that its opinion did not decide whether the psychologist's testimony would later be admissible in the trial.
[3] Because Saenz argued in his brief that approval of the trial court's action in this case would undermine the deferred prosecution program authorized by section 944.025, Florida Statutes, the state was requested to file a brief as amicus curiae. The state concurs with respondent's position, noting:

It is not the goal of deferred prosecution programs to protect the accused from legal responsibility for his conduct. The goal, rather, is to protect society from the accused. In the eyes of the prosecutor, the accused has committed a crime. Nevertheless, it may be better for society in the long run if the accused is kept in the community under supervision and away from incarcerated criminals. A deferred prosecution agreement allows the prosecutor to maintain control over the accused by the threat of prosecution and thus protect society without utilizing the courts or the jails. The accused benefits by receiving needed treatment and avoiding the indignity and stigma of a criminal prosecution and possible conviction.
The state also points out that deferred prosecution is contingent on the agreement of the victim.