PER CURIAM.
Kenneth McDugle claims that the exclusion of the testimony of two police officers without an adequate Richardson hearing mandates reversal of his conviction for the sale of cocaine within 1,000 feet of a school zone. We agree and reverse.
The state correctly observes that, pursuant to Florida Rule of Criminal Procedure 3.220(d)(1), a defendant is required to furnish the prosecutor a written list of the names and addresses of all witnesses who the defendant expects to call as witnesses at trial. Further, there is a continuing duty to disclose. Fla.R.Crim.P. 3.220(j). In the instant case, the defense only disclosed its witness list to the state after the state had completed its case-in-chief. The state successfully argued this delay constituted a willful discovery violation.
The discretion of a trial court in attempting to remedy a discovery violation can be properly exercised only after the court has made an adequate inquiry into all of the circumstances to determine whether the violation is willful or inadvertent, trivial or substantial, and what effect, if any, it had upon the ability of the aggrieved party to prepare for trial. Richardson v. State, 246 So.2d 771 (Fla.1971). A Richardson inquiry is designed to ferret out procedural prejudice occasioned by a party’s discovery violation. Peterson v. State, 465 So.2d 1349 (Fla. 5th DCA 1985).
In the instant case, there was no discussion of the prejudice occasioned by the untimeliness of the defense’s attempt to introduce the testimony of two witnesses, both police officers. Likewise, there was no inquiry into the feasibility of rectifying any prejudice by some means short of excluding the witnesses. Adams v. State, 366 So.2d 1236 (Fla. 2d DCA 1979); see O’Brien v. State, 454 So.2d 675 (Fla. 4th DCA), review denied, 461 So.2d 116 (Fla.1984).
Officer Harvard had been listed on the state’s witness list; thus it was clearly error to limit the defendant from calling this officer as a witness without at least ascertaining what prejudice would have resulted by the admission of his testimony. The state’s argument on appeal that a finding of prejudice was implicit in the trial judge’s ruling is without merit. By listing the officer as its own witness, the state was in position to expect the defense might call on him.
Likewise, the trial court’s decision to summarily exclude the defense from calling Officer Alvarez without consideration of the prejudice, if any, which would have resulted from the defense’s introduction of his testimony was error. Further, the inapplicability of a harmless error analysis to procedures which violate the holding of Richardson is clear. Smith v. State, 500 So.2d 125 (Fla.1986).
Accordingly, the defendant’s conviction is reversed and the case is remanded for a new trial.