PER CURIAM.
Petitioner, the defendant in a pending wrongful death action below and a criminal prosecution stemming from the same facts, seeks certiorari review of an order overruling his objection to discovery of records relating to his psychological treatment both before and after the accident. We grant the petition and quash the trial court’s order.
Petitioner has not made his mental condition a defense in the civil action he is defending. Accordingly, there is no waiver pursuant to section 90.503(4)(c), Florida Statutes (1993).
The trial court concluded that the listing by petitioner of his therapists’ names in a discovery response in the criminal action waived the privilege. We disagree because there has been no showing that their being named will result in a defense based upon his condition.
Petitioner undeniably has a due process right under both the federal and Florida constitutions to defend himself against the criminal charges and to call witnesses on his behalf. U.S. Const, amend. V; Fla. Const, art. 1, § 9. Under Florida Rule of Criminal Procedure 3.220(d)(1), a defendant’s right to call a particular witness at trial is conditioned upon his furnishing the prosecutor with the witness’ name and address prior to trial. McDugle v. State, 591 So.2d 660, 661 (Fla. 3d DCA 1991). A criminal defendant is not required to present any defense to the charges, and his mere disclosure of potential witnesses or other evidence pursuant to rule 3.220 does not obligate him to put on a defense. However, his failure to file a written discovery response under that rule can prevent him from exercising his constitutional right to present a defense, if the state can demonstrate that it was prejudiced by the defendant’s failure to comply with the discovery requirements of the rule. McDugle, 591 So.2d 660; Hernandez v. State, 572 So.2d 969 (Fla. 3d DCA 1990). Disclosure under these circumstances would place too high a cost on the petitioner’s decision to preserve his ability to invoke his constitutional rights in the criminal case.
Respondents rely upon Saenz v. Alexander, 584 So.2d 1061, 1063 (Fla. 1st DCA *483 1991), in which a criminal defendant waived the privilege for the purpose of the related civil suit by entering into a deferred prosecution agreement with the state in which he agreed to psychiatric treatment and to the release of his psychiatric records to a third party — his probation officer. The court found that the voluntary disclosure to the probation officer removed the confidentiality of the communications for all purposes.
The Saenz court made it clear that the same result would not necessarily be reached if the criminal defendant would have been compelled to forego a constitutional right in connection with the criminal case in order to retain the privilege in the civil case. In Saenz, participation in the deferred prosecution program was a benefit, not a constitutional right, which the defendant chose despite the warning that his psychiatric records would be disclosed to a third party, who was not one of the persons listed in section 90.503 to whom disclosure could be made without destroying confidentiality. Id. at 1063. That is the factor that distinguishes the situation here.
In short, our holding is that the finding of waiver was premature.
GUNTHER, C.J., and GLICKSTEIN and STEVENSON, JJ., concur.