916 So.2d 962 (2005)
Andre DEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2098.
District Court of Appeal of Florida, Fourth District.
December 7, 2005.
Rehearing Denied January 20, 2006.
*963 Patrick J. Curry, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Andre Dean, appeals his conviction for Strong Arm Robbery. We reverse the conviction and judgment against appellant because the trial court erred by granting the State's motion in limine. By prohibiting testimony regarding a pawn slip for the jewelry that was stolen from the victim, the trial court abused its discretion.
The victim alleged that in March 2002, while she was stopped in her car at an intersection, the appellant approached her car window, reached inside the car, and took four gold chains off of her neck. Following the alleged robbery, the victim's mother, who is a police service aide, recovered the jewelry from the pawn shop along with the pawn slip. Appellant's name is not on the pawn slip; the pawn slip was signed under a different name. Furthermore, the fingerprint on the pawn slip did not match the appellant.[1] However, based on other evidence, the State charged appellant with the crime.
The State argued a motion in limine to exclude evidence of the pawn slip at trial. The State argued that the pawn slip was irrelevant because the appellant was not charged in dealing with stolen property. The trial court granted the State's motion, finding that evidence of the pawn slip could confuse the jury "because it makes it sound like someone else must have committed the crime."
On appeal, Dean argues that the trial court committed reversible error in granting the State's motion in limine because *964 the court in granting the motion prohibited legitimate cross-examination on an area of evidence which was germane to witness testimony and relevant to his theory of defense. We agree that it was error for the trial judge to exclude evidence of the pawn slip because it was relevant to Dean's theory of defense.
The standard of review of a lower court's ruling on a motion in limine is abuse of discretion. Dessaure v. State, 891 So.2d 455, 466 (Fla.2004) (citing State v. Polak, 598 So.2d 150 (Fla. 1st DCA 1992)).
Any evidence that tends to support the defendant's theory of defense is admissible, and it is error to exclude it. Vannier v. State, 714 So.2d 470, 472 (Fla. 4th DCA 1998). In Vannier, we reversed the defendant's conviction for murder and remanded for a new trial because the trial court erroneously excluded evidence of the victim's suicidal tendencies. Id. We held that the trial court should have admitted evidence where suicide was the defendant's theory of defense and any evidence that "tends in any way, even indirectly," to show that the death did not result from suicide is admissible. Id. We also held that if there is any possibility of a tendency of evidence to create a reasonable doubt, the rules of evidence are usually construed to allow for its admissibility. Id. (citing Rivera v. State, 561 So.2d 536, 539 (Fla.1990)).
Here, the trial court prevented Dean from presenting his theory of defense by excluding evidence of the pawn slip. His theory of defense was that he did not commit the charged crime, that he had an alibi, and therefore someone else must have committed the robbery. Dean argues that the pawn slip is evidence that has a tendency to show that he did not commit the robbery. His name was not on the pawn slip as the person pawning the jewelry; rather the pawn slip was signed by someone using a different name. There was also a fingerprint on the pawn slip given by the person who pawned the victim's jewelry, and the fingerprint did not match his.
Because the name and fingerprint on the pawn slip were not Dean's, we find that the pawn slip is relevant to his theory of defense that he was not the person who robbed the victim. The evidence has the possibility of a tendency to create a reasonable doubt in the jury's mind that Dean did not commit the crime. Therefore, we conclude that the trial court erred in granting the State's motion in limine to exclude evidence of the pawn slip at trial and reverse and remand for a new trial.
Reversed.
GUNTHER, GROSS and HAZOURI, JJ., concur.
NOTES
[1] Section 539.001(8)(b)(3), Florida Statutes (2005), "The Florida Pawnbroking Act," requires that the pawnbroker, at the time of any pawn or purchase transaction, complete a pawnbroker transaction form, which includes "the right thumbprint of the pledgor or seller."