KLEIN, J.
The trial court found that appellant had violated his probation based in part on the testimony of his substance abuse counsel- or, who testified that appellant had not finished his treatment, that he was discharged because he tested positive for marijuana, and that he had admitted to her that he had used drugs. Appellant argues that his communications with his counselor were privileged as mental health treatment communications under section 90.503, Florida Statutes (2004). We disagree.
The state argues that when appellant pled guilty to the earlier crime for which adjudication was withheld, and he was placed on eighteen months’ probation, he waived the privilege. Appellant’s probation agreement provided that he would have a substance abuse evaluation performed and that he would successfully complete recommended treatment. It also provided he would submit to random drug testing.
In Saenz v. Alexander, 584 So.2d 1061 (Fla. 1st DCA 1991),. a physician was *966 charged with sexual battery and, instead of being prosecuted, signed a deferred prosecution agreement providing for twenty-four months’ probation to be supervised by the DOC. When the victim filed a civil suit against him, the trial court allowed her to depose the mental health professionals who treated the doctor, and the doctor petitioned for certiorari on the ground of privilege. The first district denied the petition, explaining:
By signing the deferred prosecution agreement, Saenz indicated that he intended his subsequent communications with the psychotherapists to be communicated to a third person other than those set out in section 90.503(1), i.e., his probation officer. These communications therefore did not constitute “confidential communications” to which the privilege would apply.... Like the petitioner in Carson v. Jackson [466 So.2d 1188 (Fla. 4th DCA 1985) ], petitioner voluntarily chose to avail himself of a benefit offered him (Carson avoided incarceration, petitioner avoided prosecution), which was conditioned upon the diagnosis and treatment of his mental state, and communicated with psychotherapists with the knowledge that his communications would be conveyed to others.
Saenz, 584 So.2d at 1063.
Applying Saenz here, we conclude that appellant waived any privilege which may have existed under the statute. We also reject his argument that there was no evidence of a willful and substantial violation.

Affirmed.

SHAHOOD and TAYLOR, JJ., concur.