957 So.2d 1267 (2007)
Neil DOHERTY, Petitioner,
v.
JOHN DOE NO. 22, et al., Respondents.
No. 4D07-140.
District Court of Appeal of Florida, Fourth District.
May 23, 2007.
Steven M. Pincus and C. Brooks Ricca, Jr. of C. Brooks Ricca, Jr. & Associates, P.A., West Palm Beach, for petitioner.
Jeffrey M. Herman and Stuart S. Mermelstein of Herman & Mermelstein, P.A., Miami, for respondents.
*1268 PER CURIAM.
Neil Doherty (Doherty), a non-party petitioner in the proceeding below, seeks review of a non-final order compelling the production of certain documents in response to discovery requests by the plaintiffs, overruling his claim of privilege in the records of his health care providers, after an in camera inspection of the documents. The petition challenges the order in connection with only two of the documents ordered to be produced, which have been filed with this court under seal. We grant the petition and quash the order as it pertains to the two documents.
In the underlying litigation, the respondentsJohn Doe No. 22(Doe), his mother, and his father (collectively, Plaintiffs) sued the Archdiocese of Miami, Inc., the Archdiocese of Miami, a corporation sole, and Archbishop Favalora, as corporate sole of the Archdiocese of Miami (collectively, the Archdiocese) in connection with the alleged sexual abuse of Doe by Doherty, a priest formerly ministering for the Archdiocese and now retired, when Doe was between ten and fourteen years old (approximately 1996-2000).
In the course of discovery, Plaintiffs requested documents pertaining to Doherty. Doherty filed a notice of appearance and has objected to the production of certain documents. Ultimately, the trial court held an in camera inspection of documents, including those produced in response to Doherty's release and request for records from a number of named health care providers.
Among the items which the trial court ordered produced over Doherty's objection was a neuropsychological evaluation of him conducted in April 2006, Bates-stamped 189-95; and an evaluation of him for pedophilia prepared by the Southdown Institute in Canada in August 2002, Bates-stamped 339-495, which included psychological testing and evaluation by a clinical psychologist, a psychiatric interview, and an addiction assessment. Doherty's objection as to both documents was based on the psychotherapist-patient privilege described in section 90.503,[1] which protects from disclosure to third parties the confidential communications between the patient and the psychotherapist and the records of mental health treatment.
In arguing for abrogation of the privilege in this case, Plaintiffs relied upon section 39.204, Florida Statutes, which provides as follows:
The privileged quality of communication between husband and wife and between any professional person and his or her patient or client, and any other privileged communication except that between attorney and client or the privilege provided in s. 90.505, as such communication relates both to the competency of the witness and to the exclusion of confidential communications, shall not apply to any communication involving the perpetrator or alleged perpetrator in any situation involving known or suspected child abuse, abandonment, or neglect and shall not constitute grounds for failure to report as required by s. 39.201 regardless of the source of the information requiring the *1269 report, failure to cooperate with law enforcement or the department in its activities pursuant to this chapter, or failure to give evidence in any judicial proceeding relating to child abuse, abandonment, or neglect.
(Emphasis added).
With respect to the neuropsychological evaluation conducted in 2006, Bates-stamped 189-95, we quash the order compelling production. This document did not at all concern communications involving known or suspected child abuse involving Doherty, but related to other matters entirely, including measures of his intelligence and social functioning.[2]
The much lengthier August 2002 Southdown Institute evaluation does contain some communications involving suspected child abuse involving Doherty. We reject Doherty's argument that the abuse must relate to alleged abuse of Doe himself for the abrogation statute to apply. Compare I.T. v. State, Dep't of Health & Rehabilitative Servs., 532 So.2d 1085, 1088 (Fla. 3d DCA 1988) (while reversing an order adjudicating a child dependent for other reasons, finding no merit in parents' argument that the trial court erred in permitting discovery of their psychiatric histories, because of the abrogation of the psychotherapist-patient privilege in situations involving known or suspect child abuse or neglect, and finding that the predecessor abrogation statute, section 414.512, Florida Statutes, "cannot be read so narrowly as to apply only to privileged communications occurring after the birth of a child who is later made the subject of a dependency hearing").[3]
However, the bulk of the 2002 evaluation consists of Doherty's medical and mental health history without reference to allegations of child abuse, including psychological testing. We conclude that the trial court must conduct a further in camera inspection to determine specifically which portions of the 2002 evaluation that are protected by section 90.503, the psychotherapist-patient privilege, do not concern communications involving known or suspected child abuse, and thus remain privileged. See Carson v. Jackson, 466 So.2d 1188, 1192 (Fla. 4th DCA 1985) (providing that abrogation of privilege applied only to communications dealing with child abuse or neglect, while the privilege provision continued in effect as to other communications); Hill v. State, 846 So.2d 1208 (Fla. 5th DCA 2003) (recognizing that the charge of child neglect could not open the door to discovery of all defendant's psychological records, only those relevant to the child neglect charge).
Accordingly, the petition is granted, and that portion of the order on review compelling production of the two documents in question is quashed. On remand, the trial court is directed to hold another in camera inspection of the 2002 evaluation, Bates-stamped 339-495, to determine which portions constitute communications involving Doherty in any situation involving known or suspected child abuse, abrogating the privilege only to the extent of such communications.
Granted.
GUNTHER, WARNER and POLEN, JJ., concur.
NOTES
[1] Section 90.503(2), Florida Statutes, provides as follows:

(2) A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition, including alcoholism and other drug addiction, between the patient and the psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.
[2] Plaintiffs have indicated in their response that they are not interested in receiving this document.
[3] The I.T. court apparently found that records prepared before the child's birth were discoverable, though they could not possibly have pertained to this particular child's abuse or neglect.