DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

RICKY LEE KARLS, JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0325

_____

May 7, 2025

Appeal from the County Court for Pinellas County; Cathy McKyton,
Judge.

J. Andrew Crawford of J. Andrew Crawford, P.A., Saint Petersburg, for
Appellant.

James Uthmeier, Attorney General, Tallahassee, and Nicole Rochelle
Smith, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Ricky Lee Karls, Jr., appeals from his judgment and sentence for
driving while under the influence with property damage. *See* §
316.193(3)(c)1, Fla. Stat. (2022). Following a guilty jury verdict, the trial
court sentenced him to 270 days in county jail, followed by twelve
months of probation and a ten-year suspension of his driver's license.

Mr. Karls raises five issues on appeal. Finding merit in his first issue,[1] we reverse.

The underlying facts can be summarized succinctly. In the late afternoon or early evening of December 9, 2022, Mr. Karls took a nap at his mother's house for three to four hours. After he ate dinner, he rode his motorcycle to Safety Harbor because he had plans to meet a friend. While driving around a curve on Philippe Parkway, he crashed into a white car that was blocking the road.

A significant amount of evidence—including eyewitness testimony, bodycam footage of Mr. Karls' incoherent responses to sheriff's deputies' questions, a failed field sobriety test, and a positive urine test—indicated that Mr. Karls was likely under the influence of alcohol or drugs at the time of the accident. To counter this evidence, during his case in chief, defense counsel attempted to call Mr. Karls' mother, Beverly Karls. The State objected on the ground of relevance. Through a proffer, the court learned that Ms. Karls would have testified that she and her son had been in her house until about "8:30, 9:00[,] [p]robably closer to 9:00," after which Mr. Karls left on his motorcycle. During their time in the house, Ms. Karls said she did not see her son drink alcohol or ingest any drugs or medications. The trial court was bothered by the fact that the accident occurred at approximately 9:30 p.m., leaving a half-hour gap in time between when Ms. Karls had last seen her son and when the accident occurred. Ultimately, the court sustained the State's relevance objection and did not allow Ms. Karls to testify.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion; that discretion, however, is limited by the rules of evidence and applicable case law. *See Thomas v. State*, 363 So. 3d 1153,

---

[1] We do not address any of the other issues.

1154 (Fla. 2d DCA 2023) (citing *Jackson v. State*, 107 So. 3d 328, 339 (Fla. 2012)).  As we explained in *Mateo v. State*, 932 So. 2d 376 (Fla. 2d DCA 2006):

> Florida law is clear that "where evidence tends in any way, even indirectly, to establish a reasonable doubt of defendant's guilt, it is error to deny its admission."  *Rivera v. State*, 561 So. 2d 536, 539 (Fla. 1990).  This principle is based, in part, on the U.S. Supreme Court's holding that "[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense."  *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed. 2d 297 (1973).  Thus, as a general proposition, any evidence that tends to support the defendant's theory of defense is admissible, and it is error to exclude it.  *Dean v. State*, 916 So. 2d 962 (Fla. 4th DCA 2005); *Vannier v. State*, 714 So. 2d 470, 472 (Fla. 4th DCA 1998).

*Id.* at 379–80 (alteration in original).

In a criminal case, a defendant has a constitutional right to present witnesses in his or her defense.  *See Olson v. Blasco*, 676 So. 2d 481, 482 (Fla. 4th DCA 1996) (first citing Amend. V, U.S. Const.; and then citing art. I, § 9, Fla. Const.).  Mr. Karls' mother's testimony that she did not see any evidence of her son being under the influence during the time they were together in her house may or may not have been particularly persuasive to a jury.  But it could have been probative on an issue the State had the burden of proving beyond a reasonable doubt—whether Mr. Karls was under the influence at the time of the accident.  Her testimony was relevant, and Mr. Karls had a right to put that testimony before his jury.  *See Panaro v. State*, 398 So. 3d 1115, 1119 (Fla. 2d DCA 2024) (noting that a defendant is entitled to "the benefit of any doubt" on the relevance of proffered testimony); *Vannier v. State*, 714 So. 2d 470, 472 (Fla. 4th DCA 1998) ("If there is any possibility of a tendency of evidence to create a reasonable doubt, the rules of evidence are usually

3

construed to allow for its admissibility." (citing collected cases)); *see also Mateo*, 932 So. 2d at 380 ("[T]he question of what is relevant to show a reasonable doubt may present different considerations than the question of what is relevant to show the commission of the crime itself." (quoting *Vannier*, 714 So. 2d at 472)).

It falls to the State to show that this error was harmless. *See Davis v. State*, 347 So. 3d 315, 323 (Fla. 2022) ("The harmless error test focuses on the effect of the error on the trier of fact and 'places the burden on the state . . . to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict . . . .' " (quoting *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986))). The State has not met that burden here. Accordingly, we reverse Mr. Karls' judgment and sentence and remand for a new trial.[2]

Reversed and remanded.

KELLY, MORRIS, and ROTHSTEIN-YOUAKIM,[3] JJ., Concur.

_____

Opinion subject to revision prior to official publication.

_____

[2] Mr. Karls also asks us to remand this case with an instruction that it be assigned to a different trial judge. We see no need to do so at this time. We are confident that the same judge can, if necessary, preside over any further proceedings in this case fairly, impartially, and professionally.

[3] Judge Rothstein-Youakim has been substituted for Judge Lucas, who was on the original panel. She has viewed a recording of the oral argument.