415 So.2d 753 (1982)
Edward BURKE, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1562.
District Court of Appeal of Florida, Third District.
May 18, 1982.
Rehearing Denied July 15, 1982.
*754 Bennett H. Brummer, Public Defender and Gerald D. Hubbart, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
BASKIN, Judge.
Finding no error in defendant's convictions for robbery[1] and for unlawful possession of a firearm while engaged in a criminal offense, we affirm the convictions but reverse the sentence imposed for unlawful possession of a firearm while engaged in a criminal offense. Multiple sentences for lesser included offenses are precluded by State v. Monroe, 406 So.2d 1115 (Fla. 1981); State v. Hegstrom, 401 So.2d 1343 (Fla. 1981); section 775.021(4), Florida Statutes (1979).
Consistent with our certification in Marshall v. State, 413 So.2d 872 (Fla. 3d DCA 1982) (on rehearing), we certify to the Supreme Court of Florida, as a matter of great public importance, the question of whether trial courts are empowered to impose separate punishments for the statutory offenses relating to the use of a firearm during the commission of a felony and the commission of that same felony by the use of a firearm.
Affirmed in part, reversed in part, and remanded with directions to vacate the sentence for unlawful possession of a firearm.
NOTES
[1] The information alleged that in the course of committing the robbery, defendant Burke carried a pistol.