454 So.2d 675 (1984)
James O. O'BRIEN, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 83-1087.
District Court of Appeal of Florida, Fifth District.
July 26, 1984.
Rehearing Denied August 23, 1984.
*676 James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from convictions for conspiracy to Traffic in Cannabis, Trafficking in Cannabis and Unlawful Possession of a Firearm during the Commission of a Felony.
Appellant has raised four points on appeal. We shall quote and discuss each in order. We have no comment regarding the writings in the special concurrence, except to say that nothing even close to what may be the point in the special concurrence was raised by the parties or briefed. No special concurrence is of precedential value, especially where it is not on the subject matter of the appeal.

POINT I

THE TRIAL COURT ABUSED ITS DISCRETION IN EXCLUDING ALL OF THE DEFENDANT'S WITNESSES FROM TESTIFYING, WITHOUT MAKING AN ADEQUATE INQUIRY INTO WHETHER THE DEFENDANT'S TARDY COMPLIANCE WITH THE RULE GOVERNING AN EXCHANGE OF WITNESS LISTS WAS A SUBSTANTIAL VIOLATION WHICH RESULTED IN HARM OR PREJUDICE TO THE STATE.
Appellant's trial counsel failed to comply with Florida Rule of Criminal Procedure 3.220(b)(3) because he did not timely file a list of defense witnesses within seven *677 days of receipt of the state's list of witnesses. Defense counsel should be discouraged from doing that. Under appropriate circumstances sanctions should also be imposed against defense counsel, or even the defendant in some cases. Here the trial judge excluded all defense witnesses from giving testimony. Although it is within the judge's discretion to exclude witnesses that most extreme sanction should never be imposed except in the most extreme cases, such as when purposeful, prejudicial and with intent to thwart justice. Anderson v. State, 314 So.2d 803 (Fla. 3d DCA 1975); Williams v. State, 264 So.2d 106 (Fla. 4th DCA 1972); Kruglak v. State, 300 So.2d 315 (Fla. 3d DCA 1974); Patterson v. State, 419 So.2d 1120 (Fla. 4th DCA 1982). No sanction should be imposed, least of all the most extreme, without an adequate hearing to determine the cause and effect of the failure to disclose. Richardson v. State, 246 So.2d 771 (Fla. 1971); Neimeyer v. State, 378 So.2d 818 (Fla. 2d DCA 1979); Bradford v. State, 278 So.2d 624 (Fla. 1973); Briseno v. State, 449 So.2d 312 (Fla. 5th DCA 1984). Because the trial judge failed to conduct an adequate Richardson hearing we reverse the convictions and remand this matter for a new trial. For further guidance, we have examined the record and can see there was not enough prejudice to the state for the judge to have excluded the witnesses in this case. The witnesses were disclosed before trial and there is some indication the state was aware of them in quite sufficient time to prepare for them.

POINT II

THE TRIAL COURT ERRED IN IMPOSING JUDGMENT AND SENTENCE FOLLOWING THE JURY'S RETURN OF A GUILTY VERDICT FOR A NON-EXISTENT CRIME.
It was alleged the defendant "conspire(d) ... with another person or persons." The jury was instructed that should it find that appellant conspired with one Mike Imperial then he was guilty of the conspiracy count. This cannot be so because Mike Imperial was the police officer in the case who was acting in the discharge of his duty. One cannot conspire alone, obviously, and because the policeman was not really a part of a conspiracy (a combination of persons to accomplish an illegal purpose) but was trying to catch drug purchasers, appellant was alone in his illegal pursuit. King v. State, 104 So.2d 730 (Fla. 1958). We reverse this conviction.

POINT III

THE TRIAL COURT ERRED IN APPLYING THE THREE (3) YEAR MANDATORY MINIMUM PROVISIONS OF SECTION 775.087(2), FLORIDA STATUTES (1981) TO THE DEFENDANT'S SENTENCE FOR UNLAWFUL POSSESSION OF A FIREARM DURING A FELONY.
Section 775.087(2), Florida Statutes (1981) provides that any person who is convicted of certain listed felonies should be sentenced to a mandatory three years in prison. Unlawful possession of a firearm is not one of them. Should appellant be convicted again he should be sentenced accordingly.

POINT IV

THE TRIAL COURT ERRED IN IMPOSING CUMULATIVE THREE-YEAR MANDATORY MINIMUM SENTENCES.
Appellant is correct. See Palmer v. State, 438 So.2d 1 (Fla. 1983).
REVERSED and REMANDED.
SHARP, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
Sometimes a criminal felony offense is such that one of its elements requires the existence of another separate felony offense. The required felony is commonly called the background or "underlying offense" or "underlying felony" to distinguish *678 it from the felony offense requiring it. Some such offenses requiring by their definitions the existence of another "underlying" felony offense are the felony murder offenses described in section 782.04(1)(a)2. and (3) and (4), Florida Statutes, and the weapon and firearm offenses described in sections 790.07(1) and (2), Florida Statutes.
In State v. Pinder, 375 So.2d 836 (Fla. 1979), the supreme court followed Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and other federal cases construing the federal double jeopardy clause and held that since proof of the underlying felony was indispensable to proof of a felony murder the two offenses were in substance "the same offense" within the meaning of the double jeopardy clause and, therefore, a defendant could not constitutionally be convicted and punished for both the felony murder and the underlying felony. In Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), this court recently followed Pinder. Also see Enriquez v. State, 449 So.2d 845 (Fla. 3d DCA 1984).
Appellant was convicted of the firearm offense (a violation of § 790.07(2), Fla. Stat.) and of the "underlying felony" (trafficking in cannabis in violation of § 893.135(1)(a)1, Fla. Stat.). An alternative disposition[1] of appellant's point four on appeal would result from a finding of fundamental error in the trial and conviction for both of these offenses if they are in substance "the same offense" within the meaning of the constitutional double jeopardy clauses.
In State v. Gibson, 452 So.2d 553 (Fla. 1984), the supreme court held that a defendant could be convicted and punished for both the firearm offense (§ 790.07(2), Fla. Stat.) and the underlying felony. In footnote 6 in Gibson the supreme court observed that the recent amendment of section 775.021(4), Florida Statutes, specifically adopted the Blockburger rule as the test for determining whether statutory offenses with common constituent elements are separate offenses (authorizing separate prosecutions, trials, convictions and sentences) or "the same offense" within the constitutional double jeopardy prohibition against being twice placed in jeopardy for "the same offense." As noted in that footnote and the following footnote, the amendment made it clear that the legislature intended that section 775.021(4), Florida Statutes, be construed to be in align with the Blockburger construction of the constitutional double jeopardy clauses.[2] Also, as noted in footnote 6 in Gibson, this view ratifies the constitutional construction of the double jeopardy cases holding that felony murder and the underlying felony are "the same offense" within the contemplation of the double jeopardy prohibition because the essential constituent elements of the underlying felony are wholly included within the essential elements of the felony murder. See State v. Pinder, supra, and Snowden v. State, supra.
One of the issues in Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982), quashed, 456 So.2d 419 (Fla. 1984), was the double jeopardy question relating to the constitutionality of a conviction for the offense of use of a firearm in commission of a felony *679 (firearms offense) (§ 790.07(2), Fla. Stat.) and also a conviction for its underlying felony. There were three possible views in Baker, only one of which can be correct. The majority in Baker followed its interpretation of State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), and held that Baker could be convicted of both the firearm offense (§ 790.07(2), Fla. Stat.) and the underlying felony but could be sentenced for but one offense (this is, in effect, also the holding in Marshall v. State, 413 So.2d 872 (Fla. 3d DCA 1982), and Burke v. State, 415 So.2d 753 (Fla. 3d DCA 1982)). The dissent in Baker agreed that Baker could be constitutionally convicted of both offenses but argued Baker could also be sentenced for both offenses under the legislative intent embodied in section 775.021(4), Florida Statutes. Before the supreme court holding to the contrary announced in Gibson, in this case the writer would have suggested that there was error in application of theory to the specific case in the view of the dissent in Baker v. State (page 62, Part III, ¶ 12),[3] and that both the majority and dissent in Baker were in error and that the third alternative in Baker, and the correct view, was that when a "main" offense requires the commission of an underlying felony (as in felony murder and in the weapon and firearm offense (§§ 790.07(1) and (2), Fla. Stat.), then the main offense necessarily includes, as an essential constituent composite or "group" element, all of the essential constituent elements of the "underlying" offense, and those two offenses are in legal substance and constitutional contemplation, "the same offense" and that the double jeopardy clauses of the state and federal constitutions prohibit a person from being put in jeopardy (i.e., from being charged, tried, convicted or sentenced) for both such offenses. See Bell v. State, 437 So.2d 1057 (Fla. 1983). This view and the fact that the statutory firearm offense (§ 790.07(2), Fla. Stat.) necessarily always includes all of the essential elements of the essential underlying felony which was committed, or attempted, by use of the firearm, appears to be the proper conceptual basis for the recent holdings by the Fourth District Court of Appeal that double jeopardy prohibits convictions of the firearm offense (§ 790.07(2), Fla. Stat.) and its underlying felony, see Jackson v. State, 436 So.2d 1101 (Fla. 4th DCA 1983); Bogard v. State, 451 So.2d 484 (Fla. 4th DCA 1984); Alvarez v. State, 445 So.2d 677 (Fla. 4th DCA 1984). If by Gibson the Florida Supreme Court has foreclosed its consideration of the problem, then it is perhaps too late, but to be consistent with the rationale of Blockburger, Pinder and Bell, and with the ancient traditional judicial construction of the double jeopardy clause, the supreme court should have approved Jackson, Bogard and Alvarez and disapproved Baker, Marshall and Burke and held that under constitutional double jeopardy as well as under section 775.021(4), Florida Statutes, as amended, a person could not be charged, prosecuted, tried, convicted or punished for both the statutory firearm offense (§ 790.072, Fla. Stat.) and its underlying felony. The practical difficulties with such a constitutional holding can be easily overcome by the legislature by statutes, such as section 775.087, Florida Statutes, which merely enhance the punishment for any (underlying) felony committed or attempted by use of a firearm, rather than by attempting to make the extra factual elements relating to the use of a firearm in commission of the (underlying) felony a separate offense from the (underlying) felony as is done by section 790.07, Florida Statutes. The double jeopardy clauses are concerned with the evil of multiple exposures to the jeopardy involved in criminal charges, prosecutions, trials, convictions and sentences as to two criminal charges which are, in substance one and "the same offense." However, the double jeopardy clauses are not concerned with the amount or degree of punishment that the legislature may permit or require *680 to be imposed after conviction for one offense for which a person has been put in jeopardy but once.
Because of the holding in Gibson I reluctantly concur with the result in this case.
NOTES
[1] See, e.g., Platt v. State, 449 So.2d 891 (Fla. 2d DCA 1984).
[2] The effect of this alignment is that if a defendant can be constitutionally tried for an offense because such offense is substantively different from some other similar or related offense (as determined by the so-called Blockburger test), then section 775.021(4), Florida Statutes, mandates that a sentence be imposed upon a conviction for such offense. If the alignment and construction of the statute and the constitution is true and correct, the converse of this proposition must also be true and correct, i.e., if a defendant cannot be sentenced under section 775.021(4), Florida Statutes, for an offense, then he cannot be constitutionally convicted for that offense. Obviously also if a defendant cannot be constitutionally tried and convicted for an offense he cannot be lawfully sentenced for that offense. The supreme court in Bell v. State, 437 So.2d 1057 (Fla. 1983), seemed to recognize that it was untenable to hold (as some had construed Hegstrom, infra, to hold) that a defendant could be constitutionally tried and convicted for an offense but could not be legally sentenced for committing it.
[3] See 425 So.2d 36 at 62 n. 46, conceding the plausibility of the view that the whole underlying felony is one composite element of the firearm offense (§ 790.07(2), Fla. Stat.) which causes the underlying felony to be, in substance, a true lesser included offense of the firearm offense and causes double jeopardy to bar prosecutions for both offenses.