465 So.2d 1349 (1985)
Robert Lee PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-465.
District Court of Appeal of Florida, Fifth District.
March 21, 1985.
*1350 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
This appeal is from a judgment of conviction for shooting into an occupied vehicle in violation of section 790.19, Florida Statutes (1983), following a jury trial. The sole issue on appeal is whether the trial court erred in excluding the testimony of five defense witnesses because of defendant's failure to comply with the discovery procedures contained in Florida Rule of Criminal Procedure 3.220. We reverse.
At trial, the State presented the testimony of four witnesses including the victim, Anthony Watkins. The victim stated that on August 16, 1981 he was engaged in a dice game with the appellant. The appellant and Watkins had been gambling, and Watkins made the statement "It wasn't nobody else going to take my money gambling." After Watkins made this statement Peterson allegedly jumped on Watkins and a fight ensued. After the fight Watkins ran to his home, which was across the street from where Peterson lived. Shortly thereafter Watkins asked a friend, H.M. Harp, to drive him back to the gambling site to retrieve Watkins' car. Ronald Holley accompanied Watkins and Harp. Harp drove past Peterson's home, and Watkins saw Peterson in the yard. Watkins said to Peterson "I'm going to get you back." Watkins maintained at trial that he did not carry a weapon with him at the time, but that Peterson proceeded to start firing at the car several times. H.M. Harp confirmed the fact that Peterson shot into the vehicle, as did Ronald Holley.
After the State rested its case the prosecuting attorney moved to have certain defense witnesses excluded because the defense had failed to provide their names as required by Rule 3.220, Fla.R.Crim.P. The names of the witnesses who were excluded were provided on January 24, 1984, eight days before trial. The State had provided its witness list on October 28, 1983. The defense was obligated to respond by providing its witness list within seven days of receiving the State's list, which would be November 5, 1983. Fla.R.Crim.P. 3.220(b)(3).
The trial court requested defense counsel to orally proffer what the witnesses would testify to. Defense counsel represented that a Ms. Hedgwick would testify that she was present at the scene of the dice game and that she observed Watkins leave the area threatening to do something to Peterson, and that the vehicle Watkins was in had traveled up and down in front of Peterson's home several times prior to the shooting. Defense counsel also represented that Chuck Peterson, the appellant's brother, would testify as to what he had seen at the *1351 dice game, and about the threats which Watkins made to appellant which resulted in the fight. Moreover, Chuck Peterson allegedly was going to testify that Watkins had reached into his car under the seat as if to get something, and indicated that he was going to do something to appellant "with his piece." A Mr. Willie Collier was going to testify that Watkins was acting very boisterous and threatening and was standing over appellant and was not sober.
Before defense counsel could proffer the testimony of the other witnesses, the court asked the public defender why these names had not been furnished earlier. Appellant's counsel replied that he had taken this case from another attorney at the end of October and that he had been unable to contact the appellant until January 5, 1984. Apparently the appellant had moved to Jacksonville after his arraignment and did not provide the Public Defender's Office with his address. Appellant contacted the Public Defender's Office October 14, 1983, (at which time the State had not yet furnished its witness list) but did not again contact his attorney until January 5, 1984. Since appellant had not discussed the case with his attorney, counsel was unable to determine who the defense witnesses would be. Moreover, defense counsel asserted that he had had difficulty locating the addresses of some of the witnesses and had not located Collier until two days before trial.
The court ruled that Collier could testify because the State could not claim surprise as to him, but excluded the testimony of the other witnesses because of the discovery violation, notwithstanding the defense counsel's request for a recess so that the prosecutor could interview or depose the witnesses.
The trial court's discretion in attempting to remedy a discovery violation can be properly exercised only after the court has made an adequate inquiry into all of the circumstances surrounding such violation. This inquiry should cover, among other things, such questions as whether the violation is willful or inadvertent, trivial or substantial, and most importantly, what effect, if any, it has upon the ability of the aggrieved party to properly prepare for trial. Richardson v. State, 246 So.2d 771 (Fla. 1971).
A Richardson inquiry is designed to ferret out procedural prejudice occasioned by a party's discovery violation. In ascertaining whether this type of prejudice exists in a given case, the trial court must first decide whether the discovery violation prevented the aggrieved party from properly preparing for trial, and then must determine the appropriate sanction to impose for such violation. Smith v. State, 372 So.2d 86 (Fla. 1979). In exercising its discretion, the court should inquire into the feasibility of rectifying any prejudice by some means short of excluding the witnesses. Adams v. State, 366 So.2d 1236 (Fla. 2d DCA 1979). In O'Brien v. State, 454 So.2d 675 (Fla. 5th DCA 1984), this court said:
Although it is within the judge's discretion to exclude witnesses that most extreme sanction should never be imposed except in the most extreme cases, such as when purposeful, prejudicial and with intent to thwart justice... . No sanction should be imposed, least of all the most extreme, without an adequate hearing to determine the cause and effect of the failure to disclose. [Citations omitted].
Id. at 677.
Here, although the trial court inquired into the reasons for the delay in furnishing the names of the witnesses to the State, no inquiry at all was made as to the prejudice to the State, nor did the State assert any prejudice except for the delay itself. Neither was there any attempt made to determine if there was a remedy for the violation short of excluding the witnesses. The proffered testimony of the witnesses was relevant to defendant's claim that he acted in self defense. Relevant evidence should not be kept from the jury unless no other remedy suffices, and it is incumbent on the trial judge to conduct an adequate inquiry to determine whether other reasonable alternatives can be employed *1352 to overcome or mitigate any possible prejudice. Wilkerson v. State, 461 So.2d 1376 (Fla. 1st DCA 1985). See also, Patterson v. State, 419 So.2d 1120 (Fla. 4th DCA 1982). The inquiry here did not go far enough.
The judgment of conviction is reversed and the cause is remanded for a new trial.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.