WEBSTER, Judge.
Folio-wing a jury trial, appellant was convicted of attempted second-degree murder of a law enforcement officer, possession of cocaine while armed and two counts of ággra-vated assault on a law enforcement officer. In this direct appeal, appellant challenges his convictions on multiple grounds. He also challenges his sentence for attempted second-degree murder of a law enforcement officer. Because the trial court failed to conduct a Richardson hearing after defense counsel objected to the introduction at trial of previously undisclosed statements allegedly made by appellant to two police officers, we reverse and remand for a new trial.
Florida Rule of Criminal Procedure 3.220(b)(1)(C) requires the state to disclose to the defendant “any written or recorded statements and the substance of any oral statements made by the defendant, including a copy of any statements contained in police reports or report summaries, together with the name and address of each witness to the statements.” It is undisputed that, at trial, the state was permitted to present, over the objection of defense • counsel, evidence regarding statements allegedly made by appellant to two police officers which had not been disclosed as required by this rule. It is also undisputed that the trial court failed to conduct a Richardson hearing.
The state was obligated to disclose those alleged statements to the defense. Its failure to do so constituted a discovery violation. The fact that the witnesses who testified about the alleged statements were on the state’s witness list has no bearing on this conclusion. Mason v. State, 654 So.2d 1225 (Fla. 2d DCA 1995). Having been put on notice that a discovery violation had occurred, the trial court was obliged to conduct a hearing to determine whether the violation was willful or inadvertent, whether it was substantial or trivial, and Whether it had a prejudicial effect on appellant’s trial preparation. Richardson v. State, 246 So.2d 771 (Fla.1971). The failure to conduct such a hearing is reversible error unless the reviewing court is able to conclude to the exclusion of all reasonable doubt that the violation did not “proeedurally prejudice[] the defense”— i.e., that there is no “reasonable possibility that the defendant’s trial preparation or strategy would have been materially different had the violation not occurred.” State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995). Moreover, the burden rests upon the state to establish that the failure to hold a hearing was harmless in any given case. Id. Having carefully reviewed the record in this case, we are unable to conclude that the failure to hold the required Richardson hearing was clearly harmless. Accordingly, we reverse appellant’s convictions, and remand for a new trial. In light of this conclusion, we find it unnecessary to address the other issues raised by appellant.
REVERSED and REMANDED, with directions.
ALLEN and DAVIS, JJ., concur.