764 So.2d 719 (2000)
Scott C. SACKETT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-162.
District Court of Appeal of Florida, Second District.
June 28, 2000.
*720 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Scott Sackett appeals his conviction of aggravated battery on a woman he knew or should have known was pregnant in violation of section 784.045(1)(b), Florida Statutes (1997). We find merit in several of the numerous issues he has raised in this appeal, and we reverse.
Sackett was arrested after the Tarpon Springs Police responded to a domestic violence call. Officer Will Rodgers testified *721 at trial that he arrived at Sackett's residence two minutes after he was dispatched. He spoke to Sackett for no more than a minute before going next door and speaking to Mary LaPoint, a woman with whom Sackett has lived for approximately ten and a half years. LaPoint was visibly shaken, sobbing, and holding her right chest area as if in pain. She told him that she had come to her next-door neighbor's and called 911 after Sackett hit her twice in the chest area during an argument. Officer Rodgers testified over objection that the red mark he observed on La-Point's chest was consistent with someone having been punched. He also testified over objection that LaPoint told him that Sackett had told her he knew where to hit so no marks would show. Officer Rodgers was four or five feet from LaPoint as they spoke and he did not smell any alcohol on her breath. She did not slur her speech, and she was concise in what she said.
LaPoint testified at trial that Sackett knew she was pregnant at the time of the incident. Her memory was foggy because she had been intoxicated at the time of the incident, having drunk between six and twelve beers. She declined several offers by the prosecutor for her to look at the police report of the incident, saying that her statements that evening were made while she was intoxicated. However, she was able to remember that she and Sackett had a loud and obnoxious argument. She felt things were escalating and she decided to get out of the house. Sackett pushed her out of the way in her chest area, trying to start a fight if she did not leave. She suffered no injuries or bruises, although she does bruise easily. She did not remember telling the police that she had been punched on the right side of her chest area.
Against the backdrop of these facts, we address the issues raised by Sackett in which we find merit.

VOIR DIRE
During voir dire, the prosecutor asked the following questions which elicited objections by defense counsel and some of which also elicited requests that the jury panel be stricken or given a curative instruction.
Do you think we need to have a real serious injury in order to be here, that we should wait for that to happen? [Defense counsel objected and his request for a curative instruction was denied.]
Do you talk to other nurses[1] as well about the cycle of violence that they see? [Defense counsel's objection was denied.]
[I]f the victim didn't want to prosecute, and if I prove to you beyond a reasonable doubt that a crime had occurred, would you be able to follow the law and still find that person guilty, the fact that that person didn't want to prosecute. [Defense counsel's objection was sustained but his motion to strike the jury panel was denied.]
[I]f people become involved in domestic violence-type situations and the police become involved, and feelings change later on; how would you feel about that situation? [Defense counsel's objection was sustained, but his motion to strike the jury panel was denied.]
The first two questions were improper because they clearly implied to the prospective jurors that if Sackett did not strike her this time he would do so in the future and the epidemic of domestic violence must be stopped. Future acts were obviously not an issue at trial and neither was the general issue of domestic violence. Defense counsel's objection to the third question was properly sustained. Despite the trial court's ruling, the prosecutor ventured directly back into the same subject area by simply rephrasing the question. Thus, the trial court's denial of defense counsel's motion to strike the jury panel after the fourth question was an abuse of *722 discretion. See Davis v. State, 698 So.2d 1182 (Fla.1997). At that point, Sackett was prejudiced by the cumulative impact of the prosecutor's improper questions.

RICHARDSON VIOLATION
Florida Rule of Criminal Procedure 3.220(b)(1)(C) requires the State to disclose to the defense, inter alia, "the substance of any oral statements made by the defendant." Defense counsel objected to Officer Rodgers' testimony regarding a previously undisclosed comment by La-Point to him that Sackett stated he knew how to hit her without leaving a mark. In response to defense counsel's request for a Richardson[2] hearing, the trial court noted the requirement of rule 3.220(b)(1)(C), but made no inquiries. Rather, the court allowed defense counsel to inquire of Rodgers what the statement was about and why it was not noted in the police report. These inquiries do not satisfy the requirements of a Richardson hearing. See State v. Hall, 509 So.2d 1093, 1096 (Fla.1987) ("At a minimum the scope of this inquiry should cover such questions as whether the state's violation was willful or inadvertent, whether the violation was trivial or substantial, and, most importantly, whether the violation affected the defendant's ability to prepare for trial.").
The State argues that no discovery violation occurred because there is no indication in the record that the State was ever in possession of the statement at issue. The record is silent on this point precisely because an inadequate Richardson inquiry was made. The State also argues that any error was harmless because the trial court instructed the jury to disregard Rodgers' statement. That instruction is irrelevant because "the question of `prejudice' in a discovery context is not dependent upon the potential impact of the undisclosed evidence on the fact finder but rather upon its impact on the defendant's ability to prepare for trial...." Smith v. State, 500 So.2d 125, 126 (Fla. 1986). "[T]he defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant." State v. Schopp, 653 So.2d 1016, 1020 (Fla. 1995). Sackett asserts that he was prejudiced in his ability to prepare for trial because he would have filed a motion in limine to prevent Officer Rodgers from relaying the statement in his testimony before the jury. The statement was harmful to Sackett because it bolstered the officers'[3] testimony that LaPoint had been hit. The bolstering of the officers' testimony was prejudicial to Sackett in light of LaPoint's testimony at trial that Sackett merely pushed her and that, because she had drunk between six and twelve beers that night, she did not remember telling the police she had been hit by Sackett. In light of the fact that a different trial preparation or strategy reasonably could have benefitted Sackett, we cannot consider the failure to conduct an adequate Richardson hearing harmless error. Id. See also Delgado v. State, 706 So.2d 328 (Fla. 1st DCA 1998).

QUESTION REGARDING PRIOR FELONY
Sackett testified on direct that he had pleaded guilty to a felony and he even revealed the nature of that felony. Consequently, it was error for the State to further question Sackett about that conviction on cross-examination. See Gavins v. State, 587 So.2d 487 (Fla. 1st DCA 1991).

STATE'S CLOSING ARGUMENT
The trial court overruled defense counsel's objection to the prosecutor's *723 statement during closing argument that Sackett did not tell the officers when they arrived at his residence that LaPoint was drunk and making up allegations. This was error because the prosecutor's statement was the equivalent of arguing to the jury that Sackett should have proclaimed his innocence to the officers. Such an argument improperly shifts the burden of proof. See Jackson v. State, 575 So.2d 181, 188 (Fla.1991).

LAY OPINION TESTIMONY OF OFFICER RODGERS
The trial court overruled defense counsel's objection to Officer Rodgers' testimony that the red mark he observed on LaPoint's chest was consistent with her having been punched. This was error because the State did not establish that Officer Rodgers had the special knowledge, skill, experience, or training to render such an opinion. See Floyd v. State, 569 So.2d 1225 (Fla.1990).
Reversed and remanded.
BLUE, A.C.J., and SCHEB, JOHN M., (Senior) Judge, Concur.
NOTES
[1] The prospective juror to whom this question was addressed was a nurse.
[2] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[3] Backup Officer Gellatly also testified and his testimony was consistent with Officer Rodgers'.