789 So.2d 1127 (2001)
Orrick WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-690.
District Court of Appeal of Florida, Second District.
June 27, 2001.
*1128 James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Acting Chief Judge.
A jury convicted Orrick Wilson of possession and sale of cocaine. He seeks a new trial on three grounds, two of which we reject without discussion. But we agree with his complaint that the trial court's Richardson[1] inquiry into a State discovery violation was flawed. Therefore, we reverse and remand for a new trial.
While working undercover in December 1998, St. Petersburg Police Detective Antonio Garner observed comings and goings which caused him to suspect drug activity at a particular house. Detective Garner and a confidential informant went to the house, where two men Garner had never seen before sold him $40 worth of crack cocaine.
Driving near the house two days later, Detective Garner spotted the two men standing with one or two others on the porch. He radioed a request to fellow officers to obtain the men's identities. Officer Mark Tonga went to the house on a pretense and spoke to the three black males who were on the porch. He asked them to identify themselves, and recorded their responses in a notepad. Officer Tonga then gave the information to Detective *1129 Garner, who determined that the men who had sold him the cocaine had identified themselves as Weldon Clark and Orrick Wilson.
Wilson claimed to have an alibi. He contended that Detective Garner misidentified him as a participant in the drug sale based on a false identification given to Officer Tonga by one of the men he met on the porch two days later. The controversy at the heart of this appeal centered on that encounter. During Officer Tonga's pretrial deposition he was questioned about the third person present that day. Officer Tonga recalled writing all the names, addresses and birth dates in his pad, but he was unsure whether he had retained those notes. He agreed to search for them and, if they turned up, to give them to the prosecutor so that they could be furnished to Wilson's attorney.
The notes had not been given to the defense by the time of trial. However, during the prosecutor's direct examination of Officer Tonga, he referred to them to refresh his recollection of the individuals' names. Defense counsel approached the bench and obtained permission to examine the relevant page of Officer Tonga's notepad. Thus, the defense for the first time learned the name, address, and birth date given by the third man on the porch, Gideon Harris. Wilson's attorney complained that the State had committed a discovery violation by failing to disclose this information prior to trial, and she moved for a mistrial. After conducting a Richardson inquiry, the trial court denied the motion and took no corrective action beyond permitting defense counsel to read Officer Tonga's notes as described above. As mentioned, the trial proceeded and Wilson was convicted.
The trial court correctly concluded that the State had committed a discovery violation by failing to disclose Harris's name and address as it was duty-bound to do under the reciprocal discovery rule. Florida Rule of Criminal Procedure 3.220(b)(1)(A) requires the State to furnish the "names and addresses of all persons known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto." Although Wilson's prosecutor maintained that he did not know Harris's name and address until Officer Tonga referred to his notes during trial, the prosecutor knew at least as early as Tonga's deposition that the officer had recorded the information and had agreed to search for it. Moreover, under applicable case law Officer Tonga's knowledge was imputed to the prosecutor. See Griffin v. State, 598 So.2d 254 (Fla. 1st DCA 1992); Hutchinson v. State, 397 So.2d 1001 (Fla. 1st DCA 1981).
When a trial court learns of a discovery violation, it must determine: 1) whether the violation was inadvertent or willful, 2) whether the violation was trivial or substantial, and 3) what effect the violation had on the aggrieved party's ability to properly prepare for trial. State v. Evans, 770 So.2d 1174, 1183 (Fla.2000). After considering these factors, the court has the discretion to fashion an appropriate remedy. Staveley v. State, 744 So.2d 1051 (Fla. 5th DCA 1999), review denied, 760 So.2d 948 (Fla.2000) (table opinion).
Here, the trial court discerned that the violation was not willful, but chided the State for its negligent failure to fully investigate the matter. See State v. Davis, 532 So.2d 1321, 1322 (Fla. 2d DCA 1988) (characterizing State's failure to investigate and prepare case in prompt manner as "negligent"). Further, the court recognized that the violation was fairly substantial. In light of Wilson's alibi defense, and especially given the State's knowledge that the defense was seeking the identities of all persons present on that occasion, its *1130 failure to disclose the information could hardly be characterized as trivial.
The trial court's analysis strayed afield in regard to the third element of the Richardson inquiry, that being the effect of the discovery violation on Wilson's ability to prepare for trial. On this point the court observed that there was no showing of prejudice because it was unknown what Gideon Harris would say if he were called to testify. The court's perspective was mistaken because the question of prejudice in this context does not turn on whether the undisclosed evidence might have affected the outcome of the trial. Rather, the issue is whether the discovery violation affected the defendant's ability to prepare for trial. Smith v. State, 500 So.2d 125, 126 (Fla.1986); Sackett v. State, 764 So.2d 719 (Fla. 2d DCA 2000). "The defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant." State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995).
Such was the case here. If Wilson's counsel had been furnished the name and address of the third person on the porch, she could have interviewed him to determine whether he could corroborate Wilson's claim that he was not one of the men Officer Tonga encountered there. This preparation reasonably could have benefited Wilson, and therefore must be considered "materially different" for purposes of the Richardson inquiry. Schopp, 653 So.2d at 1020.[2]
Reversed and remanded for a new trial.
CASANUEVA and DAVIS, JJ., Concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[2] Although it is unnecessary to our analysis, it is worth noting that Clark, the other participant in the drug transaction, testified that he was sure he never sold drugs with Wilson. However, Clark's own drug abuse during December 1998 clouded his memory, and he had no recollection of this specific drug sale or of anything else that happened on any particular day of that month.