FULMER, Judge.
Johnny Felton appeals his convictions for possession of cocaine and possession of drug paraphernalia. We reverse because the trial court erred in failing to hold a Richardson[1] hearing when it was alerted to a possible discovery violation.
During a narcotics surveillance operation, Officer Rahmings arrested Felton after observing him discarding a bag containing cocaine. At trial, Felton denied having possessed the bag and presented a witness who claimed that the contraband belonged to him. When Officer Rahmings testified, he stated that he could not remember if he was the driver or passenger of the car he was in at the time he observed Felton with the contraband. Officer Rahmings’ testimony, therefore, suggested that there was another officer with him while he was observing Felton.
The defense promptly alerted the trial judge to a potential discovery violation.[2] The trial court abruptly overruled the defense objection without making any inquiry into whether a discovery violation had, in fact, occurred.
When a trial court is alerted to a possible discovery violation, the trial court is required to make an adequate inquiry into the totality of the circumstances, including whether the violation was inadvertent or willful, whether it was trivial or substantial, and most important, whether it prejudiced the opposition’s ability to prepare for trial. See Richardson v. State, *527 246 So.2d 771, 775 (Fla.1971). Reversal is required when the trial court fails to make a sufficient Richardson inquiry and this court cannot say beyond a reasonable doubt that the defense was not procedurally prejudiced. See State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995). Moreover, it is the State’s burden to establish that the error is harmless, and “if the record is insufficient for the appellate court to determine that the defense was not prejudiced by the discovery violation, the State has not met its burden and the error must be considered harmful.” Id.
Because this case turned on a credibility contest between the defense witnesses and Officer Rahmings, we are unable to conclude on this record that the trial court’s failure to conduct a Richardson inquiry was harmless beyond a reasonable doubt. See Wilson v. State, 789 So.2d 1127, 1130 (Fla. 2d DCA 2001) (finding procedural prejudice where State failed to disclose before trial the name of a person who could corroborate the defendant’s alibi defense).
Reversed and remanded for a new trial.
CASANUEVA and COVINGTON, JJ., Concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. Pursuant to the discovery rules, a prosecutor is required to disclose to a defendant prior to trial the name and address of any person, including any eyewitness, known to the prosecutor to have information relevant to the offense. Fla. R.Crim. P. 3.220(b)(l)(A)(i)(l). Officer Rahmings’ knowledge of an additional witness would be imputed to the prosecutor. See Wilson v. State, 789 So.2d 1127, 1129 (Fla. 2d DCA 2001).