830 So.2d 878 (2002)
Frederick Thomas GREEHAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1668.
District Court of Appeal of Florida, Second District.
October 18, 2002.
Rehearing Denied November 19, 2002.
*879 Bruce G. Howie of Piper, Ludin, Howie & Werner, P.A., St. Petersburg, and Scot E. Samis of Abbey, Adams, Byelick, St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Frederick Thomas Greehan appeals from a judgment and sentence for three counts of handling and fondling a child under sixteen, two counts of committing a lewd and lascivious act in the presence of a child under sixteen, and one count of child *880 abuse. Greehan raises two issues on appeal. We agree that reversal for a new trial is required because the State committed a discovery violation that was prejudicial to the defense. As to the second issue, concerning the trial court's granting of several of the State's motions in limine, we find no error. See Spindler v. Brito-Deforge, 762 So.2d 963, 964 (Fla. 5th DCA 2000).
During Greehan's trial his neighbor, Debra Lynn Sterner, was called as a prosecution witness. Ms. Sterner testified that on one occasion she heard Joanne DeWitt, Greehan's former fiancée, state to Greehan that he was sleeping with a minor. Defense counsel informed the trial court that Ms. Sterner had been deposed prior to trial and she had not testified at that time about the statement made by Ms. DeWitt to Mr. Greehan. Defense counsel claimed that the State had committed a discovery violation by not disclosing the statement prior to trial; that it was unusual to have such a statement come out for the first time at trial; and that the defense was completely unprepared to address the information at trial or to fully cross-examine Ms. Sterner.
In response, the prosecutor acknowledged that Ms. Sterner disclosed the information to the State either after her deposition was concluded or during a break in the deposition and that the State did not disclose the information to Greehan. Greehan and the State agreed that a hearing on the potential discovery violation was appropriate pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971).
During the Richardson hearing, Greehan's counsel argued that the defense was surprised and prejudiced by Ms. Sterner's testimony and that her testimony was significantly and materially different from what she had stated during her deposition. Defense counsel reiterated that prior to Ms. Sterner's testifying at trial, the State knew, but did not disclose, that she had changed her testimony. Greehan's counsel argued that he was not properly prepared to cross-examine Ms. Sterner and that had he known about Ms. Sterner's testimony before trial, he would have explored her background for bias and prejudice. Counsel advised the trial court of specific areas of investigation that would have been undertaken.
The trial court found that while the State's failure to inform Greehan of Ms. Sterner's statement was a willful, significant, and substantial discovery violation, the violation was not prejudicial to Greehan and did not make the trial unfair. Greehan moved for a mistrial, which the trial court denied.
The issue was revisited after defense counsel had a chance to talk to Ms. Sterner. Ms. Sterner told him that she heard Ms. DeWitt tell the police that Greehan was sleeping with a minor. Police incident reports did not reflect the statement, and the State stipulated that Ms. DeWitt did not make the statement to the police. The State suggested that defense counsel could use the stipulation to impeach Ms. Sterner. Defense counsel declined to recall Ms. Sterner to testify because the defense was not able to fully investigate Ms. Sterner before or during the trial and was concerned about its ability to properly cross-examine her. Defense counsel also noted that because he was not aware of the discovery violation until trial, he was unable to bring forward other witnesses who might contradict Ms. Sterner or establish her bias.
In conducting a Richardson hearing, the trial court must inquire as to whether the discovery violation "(1) was willful or inadvertent, (2) was substantial or trivial, and (3) had a prejudicial effect *881 on the aggrieved party's trial preparation." State v. Evans, 770 So.2d 1174, 1183 (Fla. 2000). As to the third factor, "the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant." State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995). In making the determination regarding prejudice, every conceivable course of action must be considered. Id. "[O]nly if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless." Id. at 1021.
Although the trial court properly resolved the first two factors in determining that the discovery violation was willful, significant, and substantial, the trial court erred in finding that the defense was not prejudiced by the State's discovery violation. See Evans, 770 So.2d at 1182. In denying relief to Greehan, the trial court commented that the trial was not unfair despite the discovery violation. However, the question of prejudice does not depend on whether the undisclosed evidence might have affected the outcome of the trial, but whether the discovery violation affected the defendant's ability to prepare for trial. Wilson v. State, 789 So.2d 1127, 1130 (Fla. 2d DCA 2001).
Here, defense counsel was taken by surprise by Ms. Sterner's trial testimony that Greehan's former fiancée had accused Greehan of sleeping with a minor. This information was not previously disclosed to Greehan by Ms. Sterner or the State. The testimony was prejudicial to Greehan's defense and his ability to prepare for trial, particularly in light of the charges against him and the substance of the changed testimony. Defense counsel established that he would have changed his defense strategy with regard to cross-examining Ms. Sterner and investigating her for bias and prejudice had he been informed of the new information prior to trial. See id.; Sackett v. State, 764 So.2d 719, 722 (Fla. 2d DCA 2000).
We cannot say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation, and therefore we cannot conclude that the violation was harmless. See Schopp, 653 So.2d at 1020-21. Accordingly, we reverse the judgment and sentence and remand for a new trial.
Reversed and remanded.
PARKER and DAVIS, JJ., Concur.