WALLACE, Judge.
Kevin Bellamy appeals the judgment and sentence imposed after the trial court revoked his probation. We reverse because the trial court admitted into evidence a videotape not disclosed to Bellamy until shortly before the revocation hearing without first conducting a hearing as required by Richardson v. State, 246 So.2d 771 (Fla.1971).
Bellamy’s probation officer filed an affidavit of violation of probation based on Bellamy’s arrest for committing a petit theft at a Sears department store. Victor Rabelo, a security officer employed by Sears, was the State’s only witness to the alleged offense. He testified that he saw Bellamy put store merchandise into a shopping bag. Because Rabelo anticipated that Bellamy did not intend to pay for the merchandise, he left the store and walked around the building to confront Bellamy at one of the store entrances. Rabelo testified that when Bellamy, saw him waiting at the entrance, Bellamy turned around and dropped the shopping bag.
The State offered into evidence a surveillance videotape that tracked Bellamy’s movements through the store. Defense counsel objected to the introduction of the videotape because the State had not disclosed its existence to the defense until shortly before the hearing began. The trial court limited its inquiry to ascertaining that defense counsel had been able to view the videotape, and it overruled the objection. Based on Rabelo’s testimony and the videotape evidence, the trial court found that Bellamy had violated the terms and conditions of his probation. The trial court revoked Bellamy’s probation and sentenced him to three years’ imprisonment.
When a trial court, receives notice. of a discovery violation, it must conduct an inquiry into the circumstances surrounding the violation. Id. at 775. The trial court’s duty to conduct a Richardson hearing extends to probation revocation proceedings. Cuciak v. State, 410 So.2d 916 (Fla.1982). In conducting a Richardson hearing, the trial court must inquire as to whether the violation “(1) was willful or inadvertent; (2) was substantial or trivial; and (3) had a prejudicial effect on the aggrieved party’s trial preparation.” State v. Evans, 770 So.2d 1174, 1183 (Fla.2000). As to the third factor:
[T]he defense is procedurally prejudiced if there is a reasonable possibility that the defendant’s trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it rea *342 sonably could have benefited the defendant.
State v. Schopp, 653 So.2d 1016, 1020 (Fla. 1995); accord Wilson v. State, 789 So.2d 1127, 1130 (Fla. 2d DCA 2001) (finding that the question of prejudice does not depend on whether the undisclosed evidence might have affected the outcome of the trial, but whether the violation affected the defendant’s ability to prepare).
In this case, although the defense asserted that the State did not produce the videotape until the morning of the revocation hearing, the trial court failed to inquire or make findings concerning the circumstances surrounding the violation.
However, the harmless error rule applies to cases in which the trial court has failed to conduct a proper Richardson hearing. Schopp, 653 So.2d at 1020-21. “Application of a harmless error analysis in this context will result in reversal where the record will not support a finding that the unsanctioned discovery violation could not have materially hindered the defense.” Id. at 1020. The State has the burden of establishing that the error is harmless. Id.
We are unable to conclude from the record that the discovery violation could not have materially hindered the defense. Bellamy’s defense was that' Rabelo lost sight of Bellamy for a significant period of time while Rabelo was walking outside the building to confront Bellamy at the store entrance. Thus Rabelo could not establish whether Bellamy made any attempt to pay for the merchandise before leaving the store. The previously undisclosed videotape filled the gap in Rabelo’s testimony by vividly portraying Bellamy’s movements through the store during Rabelo’s absence. Once the videotape was admitted into evidence and played for the trial court, Bellamy had no defense. If Bellamy and his counsel had been afforded an opportunity to review the videotape before the morning of the hearing, it is likely that the defense strategy and preparation would have been different.
We cannot say beyond a reasonable doubt that Bellamy was not procedurally prejudiced by the discovery violation, and therefore, we cannot conclude that the violation was harmless. Accordingly, we reverse and remand for a new revocation hearing.
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.