STEVENSON, C.J.
A.L.H., a fifteen-year-old juvenile, was found guilty of grand theft auto. Adjudication was withheld, and A.L.H. was placed on probation. We reverse, finding the trial court erred in excluding A.L.H.’s only witness, pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), because the witness was not listed on the defense witness list.
On the day of the alleged theft, police were dispatched to the home of Sherry Lucas, A.L.H.’s mother. Lucas informed police that she believed one of her daughters had stolen her vehicle. At trial, Lucas testified that although she did not give A.L.H. permission to drive the van, she eventually discovered her husband, John Lucas, AL.H.’s stepfather, had given her permission. She admitted, however, that her husband knew she called the police to report the van stolen and that he was in the house during part of her conversation with the responding officers. Sheriffs Deputy Freda Derubeis testified that she responded to the residence and explained to both A.L.H.’s mother and stepfather that the mother had other options, i.e., she could report A.L.H. as a missing juvenile instead of filing a report for felony auto theft.[1] While Derubeis was at the house taking the report, the van was located.
Corporal Ostuni of the Palm Beach County Sheriffs Office testified that he received a BOLO concerning a stolen minivan. While looking for the vehicle, he passed a van matching its description. Shortly thereafter, he saw the van abandoned in the middle of the street. He confirmed that the license plate matched that of the stolen vehicle and later learned that a K-9 squad had apprehended A.L.H. and another female in the woods nearby. A.L.H. testified that she abandoned the van when she saw the police at her house because she was scared. According to A.L.H., she was afraid because her stepfa *244 ther had given her permission to use the van for only thirty minutes, and she had been gone an hour.
Defense counsel intended to call John Lucas, A.L.H.’s stepfather, to confirm that he had given A.L.H. permission to drive the van, but the State objected as he was not on defense counsel’s witness list. Defense counsel explained that when she prepared the witness list, she saw the name “Lucas” on the list and did not realize that “Lucas” referred to Sherry Lucas, not John Lucas. Defense counsel argued that she informed the State the day before the trial that the stepfather claimed he gave A.L.H. permission to drive the car. While counsel for the State did not deny that this conversation took place, she maintained that “[she] was not aware that the Defense was going to call the father as a witness” and believed defense counsel said only that “there was another story to what had happened.” The trial court sustained the State’s objection, but allowed the stepfather’s testimony to be proffered. During the proffer examination, John Lucas confirmed he had given A.L.H. permission to drive the car on the day in question.
Florida Rule of Criminal Procedure 3.220 requires a defendant to. provide the State with a witness list. It is undisputed that the stepfather’s name was excluded from the defense’s witness list. In Richardson v. State, 246 So.2d 771 (Fla.1971), the supreme court set forth the requirements when a discovery violation is discovered. The trial court’s inquiry during a so-called “Richardson hearing” “should include ‘such questions as whether the violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the [other party] to properly prepare for trial.’ ” Donahue v. State, 464 So.2d 609, 611 (Fla. 4th DCA 1985) (quoting Richardson, 246 So.2d at 775).
In our view, the trial court adequately determined that the violation was inadvertent and substantial. However, the trial court’s inquiry into step 3, the prejudice analysis, fell short and led to the erroneous imposition of the most severe sanction — striking the defense’s only witness. As the court noted in Peterson v. State, 465 So.2d 1349, 1351 (Fla. 5th DCA 1985):
A Richardson inquiry is designed to ferret out procedural prejudice occasioned by a party’s discovery violation. In ascertaining whether this type of prejudice exists in a given case, the trial court must first decide whether the discovery violation prevented the aggrieved party from properly preparing for trial, and then must determine the appropriate sanction to impose for such violation. Smith v. State, 372 So.2d 86 (Fla.1979). In exercising its discretion, the court should inquire into the feasibility of rectifying any prejudice by some means short of excluding the witnesses. Adams v. State, 366 So.2d 1236 (Fla. 2d DCA 1979). In O’Brien v. State, 454 So.2d 675 (Fla. 5th DCA 1984), this court said:
Although it is within the judge’s discretion to exclude witnesses[,] that most extreme sanction should never be imposed except in the most extreme cases, such as when purposeful, prejudicial and with intent to thwart justice.... No sanction should be imposed, least of all the most extreme, without an adequate hearing to determine the cause and effect of the failure to disclose. [Citations omitted].
Id. at 677.
Here, the following inquiry took place:
THE COURT: State, what prejudice are you going to suffer?
*245 [STATE]: I was not aware that the Defense was going to call the father as a witness. I believe what [defense counsel] had said was that there was another story to what had happened, but I was not aware.
I’m prejudiced because I received no notice that the Defense intended to call the father as a witness in this case. Despite finding that the stepfather’s testimony “would go to the heart of the issue,” the court, nonetheless, sustained the State’s objection and disallowed -the testimony. The State’s naked assertion of prejudice merely for lack of notice that the defense intended to call the stepfather as a witness was insufficient to provide a basis for finding “procedural prejudice.” There is procedural prejudice “ ‘if there is a reasonable possibility that the [offended party’s] trial preparation or strategy would have been materially different had the violation not occurred.’ ” Bellamy v. State, 901 So.2d 340, 341 (Fla. 2d DCA 2005) (quoting State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995)). Further, even had procedural prejudice been shown here, the trial court failed to inquire whether other reasonable alternatives could be employed to overcome or mitigate such prejudice. “Once prejudice is determined, the court may fashion an appropriate remedy, but ‘relevant evidence should not be excluded from the jury unless no other remedy suffices.’ ” Tomengo v. State, 864 So.2d 525, 529 (Fla. 5th DCA 2004) (quoting Cooper v. State, 336 So.2d 1133, 1138 (Fla.1976)). See also F.R. v. State, 860 So.2d 501, 503 (Fla. 4th DCA 2003) (stating “ ‘[t]he severe sanction of witness exclusion should be a last resort reserved only for the most extreme or compelling circumstances’ ”) (quoting Donaldson v. State, 656 So.2d 580, 580-81 (Fla. 1st DCA 1995)).
In this case, the State knew, prior to trial, that A.L.H. intended to claim she had her stepfather’s permission to use the van. The State’s own witness, Sherry Lucas, testified to that very fact, and the State did not claim her testimony came as a surprise. Additionally, counsel for the State never denied, on the record, that she was informed of the stepfather’s allegations; counsel for the State merely asserted that defense counsel never told her Mr. Lucas would be called as a witness. We hold the trial court abused its discretion in not allowing the stepfather to testify as a sanction for defense counsel’s discovery violation. We cannot find that the exclusion of Mr. Lucas’s testimony, which the trial court determined went “to the heart of the issue,” was harmless. Accordingly, we reverse and remand for retrial before a different judge.

Reversed.

WARNER and MAY, JJ., concur.

. According to Derubeis, Mr. Lucas said nothing and "just walked right back out.”