975 So.2d 1226 (2008)
Petro Lucar SMALL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-1543.
District Court of Appeal of Florida, First District.
March 10, 2008.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
*1227 Bill McCollum, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Petro Lucar Small, challenges his conviction for possession of a controlled substance. Appellant argues, and we agree, that the trial court erred by denying defense counsel's request for a continuance after the State committed a discovery violation. Therefore, we reverse Appellant's conviction and sentence and remand for a new trial.
Several police officers went to Timothy James' house as part of an operation targeting street level drug sales. Officer Jay Gazani observed Appellant, who was standing inside Mr. James' house, throw what appeared to be a controlled substance near a sofa. Officer Gazani entered the home and located a plastic bag that appeared to contain cocaine behind the sofa. Officer Gazani immediately arrested Appellant and conducted a search of his person. The officer found another plastic bag that appeared to contain cocaine on Appellant's person.
Until the day of jury selection, the State had only submitted the substance found behind the sofa to the Florida Department of Law Enforcement for testing. This substance tested positive for cocaine. After jury selection was completed, the prosecutor informed defense counsel that he was sending the substance found on Appellant's person for testing. Appellant's trial was scheduled to begin the following day. On the day of the trial, the prosecutor informed defense counsel that the substance found on Appellant's person also tested positive for cocaine. Defense counsel immediately informed the trial court of what had transpired and argued that it was a discovery violation. Defense counsel argued that he made a strategic decision to not file a motion to suppress based on the fact that the State had only tested the substance found behind the sofa and based on his belief that this was a constructive possession case.
The trial court properly conducted a Richardson[1] hearing and concluded that a wilful and prejudicial violation had occurred. Both the prosecutor and defense counsel agreed that the best remedy for this violation would be to continue the trial so that both sides could properly prepare for a motion to suppress hearing. The trial court expressed its disagreement with defense counsel's strategic decision and stated that defense counsel should have filed a motion to suppress long before jury selection. The trial court granted defense counsel an opportunity to speak with the officer and witnesses present at the courthouse so that he could immediately make an oral motion for suppression of the evidence. Defense counsel informed the court that he was not prepared to argue the motion at that time and requested a continuance. The trial court found that defense counsel waived his right to file a motion to suppress and immediately proceeded with the trial. The jury found Appellant guilty of possession of cocaine.
The trial court abused its discretion by denying the motion for continuance. Appellant's failure to raise a motion to suppress prior to trial was not an automatic waiver of the right to file such a motion. McKenzie v. State, 935 So.2d 1281, 1282 (Fla. 4th DCA 2006). Moreover, Appellant was prejudiced by the State's failure to submit the substance for testing at an earlier date. Procedural prejudice occurs when there is a reasonable possibility that the non-offending party's *1228 trial preparation or strategy would have been materially different absent the discovery violation. A.L.H. v. State, 915 So.2d 242, 245 (Fla. 4th DCA 2005); Greehan v. State, 830 So.2d 878, 881 (Fla. 2d DCA 2002). In this case, defense counsel stated that he would have filed a motion to suppress if he knew that this was not going to be a constructive possession case. The best way to remedy the prejudice caused by this violation would have been to continue the trial to allow defense counsel a reasonable amount of time to prepare a motion to suppress or to engage in negotiations with the prosecutor. Thus, the trial court erred by denying the request for a continuance. Appellant's conviction and sentence are REVERSED and the case is REMANDED for a new trial.
DAVIS, BENTON, and THOMAS, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).