PER CURIAM.
Alejandro Roy Fowler appeals an order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The lower court denied five issues summarily and the three remaining issues following an evidentiary hearing. We affirm all but three of the issues that were summarily denied, because the trial court failed to attach portions of the record to support the ruling.
In Issue VI, the defendant contended that his trial counsel provided ineffective assistance by failing to object when the prosecutor asked defendant whether he believed that two of the state’s witnesses had fabricated portions of their testimony. Such questioning is improper. See Johnson v. State, 969 So.2d 938, 954 (Fla.2007); Knowles v. State, 632 So.2d 62, 65-66 (Fla.1993).
In Issue VII, defendant claimed that trial counsel should have objected when the prosecutor said during closing argument that defendant had not proclaimed his innocence when the police were investigating the robbery in his neighborhood, by telling them that someone else had used defendant’s gun to commit the robbery. Specifically, the prosecutor said: “Isn’t it reasonable to believe that a law abiding citizen would run out to the police and say hey, I got to tell you something. There’s a gun in here that was used in this armed robbery. And these guys, I want to tell you who they are. Did he do that? No, he didn’t.” Defendant’s claim established prima facie that the prosecutor thereby improperly shifted the burden of proof to the defendant. See Sackett v. State, 764 So.2d 719 (Fla. 2d DCA 2000).
Finally, in Issue IX, defendant claimed he was entitled to a new trial based upon newly discovered evidence consisting of a written recantation by one of the state’s key witnesses. The court observed that defendant had not attached the document to the record, but the record on appeal shows one page of the document, which defendant says was a mistake by the clerk’s office. The trial court attached the testimony of a different witness and of defendant to support the denial of this issue but did not attach the testimony of the witness who recanted. This court cannot conduct a meaningful review of this issue without being able to see the complete letter and sufficient portions of the transcript that show why it is unlikely that the recantation would result in an acquittal on retrial. See Murrah v. State, 773 So.2d 622 (Fla. 1st DCA 2000).
We affirm in part and reverse in part and remand for the lower court to attach portions of the record to refute these three claims or to hold an evidentiary hearing.
VAN NORTWICK, PADOVANO, and HAWKES, JJ., concur.