# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

————————————————

AARON JAMES MONTGOMERY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2022-3874

————————————————

October 23, 2024

Appeal from the County Court for Hillsborough County; Scott A. Farr, Judge.

Howard L. Dimmig, II, Public Defender, and Daniel Muller, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Elba Caridad Martin, Senior Assistant Attorney General, Tampa; and Clara V. Murga, Assistant Attorney General, Tampa, (substituted as counsel of record), for Appellee.

PER CURIAM.

Aaron James Montgomery appeals from his judgment and sentence for leaving the scene of an accident with property damage. He argues

that the trial court erred by failing to conduct an adequate *Richardson*[1] hearing after he alerted the court to a possible discovery violation.  As we have repeatedly instructed, when faced with an allegation of a discovery violation, "the trial court is required to make an adequate inquiry into the totality of the circumstances, including whether the violation was inadvertent or willful, whether it was trivial or substantial, and most important, whether it prejudiced the opposition's ability to prepare for trial."  *Felton v. State*, 812 So. 2d 525, 526 (Fla. 2d DCA 2002).  We agree with Montgomery that the trial court here did not conduct an adequate *Richardson* hearing.  We need not reverse, however, if the State can demonstrate that the discovery violation is harmless beyond a reasonable doubt.  *See State v. Schopp*, 653 So. 2d 1016, 1020-21 (Fla. 1995).  Here, the State did not meet its burden.  Because the record is insufficient for us to conclude beyond a reasonable doubt that Montgomery was not prejudiced by the underlying violation, and thus that the failure to make an adequate inquiry was harmless error, we must reverse.  *See id.* at 1020 ("[I]f the record is insufficient for the appellate court to determine that the defense was not prejudiced by the discovery violation, the State has not met its burden and the error must be considered harmful.").

Reversed and remanded.

KELLY, ROTHSTEIN-YOUAKIM, and LABRIT, JJ., Concur.

————————————————

Opinion subject to revision prior to official publication.

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).